■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH WALKER, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered February 22, 1983, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence against the defendant, which consisted primarily of the testimony of a witness who was an admitted drug dealer and thief, was nevertheless legally sufficient to support the verdict *(see, People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932).

Contrary to the defendant's contention, the court did not abuse its discretion in refusing to grant his motion for a severance. None of his codefendants' statements implicated the defendant, and therefore there was no violation of his right to confrontation, or his right to a fair trial *(see, People v Cruz,* 66 NY2d 61, 72, *cert granted* — US —, 106 S Ct 2888).

We also reject the defendant's contention that the prosecutor's conduct deprived him of a fair trial. The prosecutor's questioning of witnesses was not inherently prejudicial inas-

much as the testimony sought to be elicited could have been admitted to establish motive *(see, People v Allweiss,* 48 NY2d 40, 47). Furthermore, the prosecutor's summation remarks were a fair response to those of defense counsel *(see, People v Marks,* 6 NY2d 67, 77-78, *cert denied* 362 US 912).

The defendant's remaining contentions have been considered and found to be without merit *(see, People v Barnes,* 50 NY2d 375, 380; *People v Pobliner,* 32 NY2d 356, 369, *rearg denied* 33 NY2d 657, *cert denied* 416 US 905; *People v Botta,* 100 AD2d 311, 314; *People v Lanahan,* 96 AD2d 675, 676; *People v Suitte,* 90 AD2d 80, 86; *People v Hyde,* 85 AD2d 745, 746). Brown, J. P., Rubin, Kooper and Sullivan, JJ., concur.