OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant and two codefendants, Darrell and Michael Bossett, were jointly tried before a jury in connection with the stabbing death of Donald McGirth. The prosecution’s theory of the case was that the Bossett brothers and defendant, acting together, murdered McGirth as revenge for the shooting of Leslie "Lay Lay” Covington, who had been shot by rival drug dealers with whom McGirth was associated.
The first joint trial resulted in a mistrial. A second joint trial was held during which a civilian witness testified that when told of McGirth’s death, Darrell Bossett responded, "Really, that’s good. They would all pay. We did it for Lay Lay.” When asked if he knew who killed McGirth, the same witness testified that Darrell responded, "We did it.” Defendant Walker was convicted of murder, second degree, and the Appellate Division affirmed (129 AD2d 658).
On appeal defendant contends that the trial court erred in refusing to grant his motion for a severance of trial and that his right to confrontation was violated by the denial of that *1020 motion (US Const 6th Amend; People v Cruz, 66 NY2d 61, 66, revd on other grounds 481 US —, 107 S Ct 1714, on remand 70 NY2d 733; Bruton v United States, 391 US 123).
Appellant Walker’s motion to sever was made orally prior to the commencement of the first trial. It was not renewed prior to commencement of the second trial, nor for that matter at any time during the second trial, and that is a fatal procedural defect based on sound preservation principles. Orderly and fair procedure requires that the trial court be given timely and adequate opportunity to rule on and explain claims in the context of the trial and trial record which has relevance to the issue advanced. There was no assertion on the pertinent issue in the only trial of any legal import and, thus, it is not preserved for our review.
Moreover, our requirement for this preservation threshold here is fortified by People v Cruz (66 NY2d 61, 66, revd on other grounds 481 US —, 107 S Ct 1714, on remand 70 NY2d 733, supra) itself, where the first trial also resulted in a mistrial but defendant’s original motion to sever was renewed prior to the second trial.
Defendant’s other contentions are either without merit or unpreserved.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.