■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BOSSETT, Also Known as ROBAZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Seidell, J.), rendered February 22, 1983, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the defendant's conviction *(see also, People v Walker,* 129 AD2d 658, *affd* 71 NY2d 1018, *rearg denied* 72 NY2d 953).

The defendant contends that the prosecution's witnesses, because of their criminal histories and involvement with illegal drugs, should not have been believed by the jury. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Since the defendant did not request a charge on circumstantial evidence, any error in failing to give such a charge is not preserved for our review *(see,* CPL 470.05). Moreover, the court's charge on the issue of where the crime was committed was sufficient *(see, People v Botta,* 100 AD2d 311, 314).

Finally, we have reviewed the defendant's remaining contentions and find them to be without merit *(see, People v Galloway,* 54 NY2d 396; *People v Suitte,* 90 AD2d 80). Brown, J. P., Lawrence, Weinstein and Eiber, JJ., concur.