■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO ELLIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered June 6, 1985, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the evening of September 10, 1983, the defendant, accompanied by his friend Kevin Bullard, visited the victim, Carmichael Green, at the latter's apartment at 397 Clermont Avenue in Brooklyn. As the guests were leaving, the defendant drew a gun and pointed it at Green. A scuffle ensued between the defendant and Green, in the course of which the defendant was wounded in the arm and Green was killed by a bullet through the chest.

On appeal, the defendant submits that the prosecution failed to prove beyond a reasonable doubt that the defendant intended to cause the victim serious physical injury; that the prosecutor improperly impeached the credibility of his own principal witness during summation; and that the court erred in failing to give an interested witness charge with respect to Bullard, who was declared an accomplice as a matter of law. The defendant's contentions are without merit.

The credible testimony established that the defendant drew a gun and pointed it at Green; that when Green struggled, the two men tumbled down a flight of stairs; that shots rang out;

and that Green was later found dead in a common area of his apartment building with a wound to the chest from a bullet that had been fired at point-blank range. Both the defendant's girlfriend and Green's roommate placed the defendant at the scene of the crime; and the girlfriend confirmed that the defendant subsequently lied to the police about the source of his own wound (cf., People v Lagana, 36 NY2d 71, cert denied 424 US 942).

Viewing the evidence in the light most favorable to the People (People v Contes, 60 NY2d 620), it is clear that a rational trier of fact could have found that the People established the defendant's intent to cause serious physical injury to Green beyond a reasonable doubt (People v Malizia, 62 NY2d 755, cert denied 469 US 932).

Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses, and which credited Bullard's testimony, despite the defendant's contention that Bullard was inherently incredible because of his alleged motive to clear himself (People v Gaimari, 176 NY 84). The jury's determination should be accorded great weight on appeal, and should not be disturbed unless clearly unsupported by the record (cf., People v Garafolo, 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Equally without merit is the defendant's contention that the prosecutor impeached Bullard's credibility during summation by remarking upon the witness's visible reluctance to testify, and by prompting the jury to consider what Bullard might have said if, as defense counsel had strongly urged in his summation, he had been intent upon securing the defendant's conviction by fabricating his testimony. The prosecutor's remarks were therefore nothing more than a fair response to those made by defense counsel (People v Walker, 129 AD2d 658, affd 71 NY2d 1018); and in any event, any possible prejudice was dissipated by the trial court's instructions to the jury that the comments of counsel during their summations were not to be considered as evidence (People v Bartolomeo, 126 AD2d 375, lv denied 70 NY2d 702).

Finally, the trial court properly denied the defendant's request for an interested witness charge with respect to Bullard, since Bullard was not an interested witness, having never been indicted, and having made no agreement with the police or the prosecution in exchange for his testimony (cf.,

*People v Strawder,* 124 AD2d 758). Moreover, the court charged the jurors that Bullard was an accomplice as a matter of law, and instructed them carefully to evaluate his credibility, so that its failure to give an interested witness charge was "necessarily harmless", given the "much stronger language" regarding the necessity to carefully assess the credibility of an accomplice *(People v Tabora,* 139 AD2d 540, 542, 543, *lv denied* 72 NY2d 925). Mollen, P. J., Kunzeman, Spatt and Rosenblatt, JJ., concur.