■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL BOSSETT, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered February 22, 1983, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the defendant's conviction *(see also, People v Bossett,* 145 AD2d 639; *People v Walker,* 129 AD2d 658, *affd* 71 NY2d 1018, *rearg denied* 72 NY2d 953). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). While it is true that several of the prosecution's witnesses were admittedly involved with illicit

drugs and had criminal histories, the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88).

We also reject the defendant's claim that he was denied his constitutional right to a fair trial by virtue of the ineffective assistance of counsel. It is well established that the standard of review to be applied in evaluating the effectiveness of trial counsel's performance is meaningful representation *(see, People v Baldi,* 54 NY2d 137). When reviewing claims of ineffective assistance of counsel, care must be taken to avoid confusing true ineffectiveness with mere losing tactics and according undue significance to a hindsight analysis *(see, People v Satterfield,* 66 NY2d 796; *People v Baldi, supra; People v Aiken,* 45 NY2d 394). In the case at bar, the record reveals that the defendant's counsel made appropriate motions for dismissal and we find that since he was not the first attorney at the trial to conduct cross-examination or summation, there was little else which could have been adduced or added to the defense presented by the codefendants' counsel.

Turning to the defendant's numerous claims of prejudicial error in the prosecutor's questioning of witnesses and in his summation, the record does not support his contention that the remarks made by the prosecutor deprived him of a fair trial. In light of the fact that the court promptly sustained objections during the direct examination of the People's witnesses and during the prosecutor's summation, and instructed the jury not to consider remarks made by counsel as evidence, we find that the prosecutor's remarks complained of did not operate to deprive the defendant of a fair trial *(see, People v Galloway,* 54 NY2d 396; *People v Robinson,* 137 AD2d 564; *People v Walker,* 129 AD2d 658, *supra).*

Since the defendant did not request a charge on circumstantial evidence or take an exception to the court's charge as given, any error in failing to give such a charge is not preserved for our review *(see,* CPL 470.05). Moreover, we find that the court's charge on the issue of where the crime was committed was sufficient *(see, People v Botta,* 100 AD2d 311, 314).

We have examined the defendant's remaining contentions

and find that they are either unpreserved for appellate review or without merit. Lawrence, J. P., Kunzeman, Eiber and Harwood, JJ., concur.