41 F.3d 825
 Michael BOSSETT, Kenneth Walker, and Darrell Bossett,
Petitioners-Appellants,
v.
Hans WALKER, Superintendent, Auburn Correctional Facility;
Daniel Senkowski, Superintendent, Clinton Correctional
Facility; Charles Scully, Superintendent, Green Haven
Correctional Facility, Respondents-Appellees.
 Nos. 2218, 2219 and 2220.
Dockets 93-2783, 93-2798 and 93-2791.
 United States Court of Appeals,
Second Circuit.
 Argued Aug. 8, 1994.
Decided Dec. 1, 1994.
 
 Thomas P. McGrath, New York City, for petitioner-appellant Michael Bossett.
 Marjorie M. Smith, New York City (The Legal Aid Society, Federal Defender Div., Appeals Bureau, of counsel), for petitioner-appellant Kenneth Walker.
 Susan Bloch Marhoffer, New York City, for petitioner-appellant Darrell Bossett.
 Michael J. Miller, Asst. Dist. Atty. of Suffolk County, Riverhead, NY (James M. Catterson, Jr., Dist. Atty. of Suffolk County, of counsel), for respondents-appellees.
 Before WINTER and LEVAL, Circuit Judges, and SKRETNY,* District Judge.
 WINTER, Circuit Judge:
 
 
 1
 Michael Bossett, Kenneth Walker, and Darrell Bossett appeal from Judge Weinstein's denial of their respective petitions for writs of habeas corpus. Because the claims raised on appeal are either procedurally barred or without merit, we affirm.
 
 BACKGROUND
 
 2
 In February 1983, appellants were convicted of the murder of Donald "Rommel" McGirth.[1] McGirth's body was discovered in the woods near a state highway in Suffolk County, New York, on August 30, 1980. His hands had been cuffed behind his back, and he had been stabbed in the chest.
 
 
 3
 At trial, the prosecution's theory was that McGirth and appellants were members of rival drug gangs and that appellants had killed McGirth in retaliation for the shooting of Leslie Covington, a friend of appellants. Several witnesses testified that Michael Bossett made threats on McGirth's life after the shooting of Covington on June 6, 1980. At the hospital where Covington was taken for treatment, Michael Director, a lawyer, heard Michael Bossett say to McGirth, "You're next, mother-fucker, you're next." After the arraignment of the suspects in Covington's shooting, Robert Winston, a friend of McGirth's, heard Michael Bossett say to McGirth, "I'm going to get Rommel, he's the one that set the whole thing up, you can't walk the streets, we know where you live." McGirth's girlfriend, Alvera Free, testified that, before McGirth's murder, Michael Bossett had threatened that McGirth would have to be sent "in a box somewhere." Wayne Pope, an associate of the Bossett brothers, testified that on August 21, 1980, Michael Bossett told him that McGirth had "stuck up one of their dope dealers" and that McGirth was going to get it "soon."
 
 
 4
 There was also evidence of incriminating statements by appellants after McGirth's death. Dominick Pugliese testified that upon being informed of McGirth's death, Darrell Bossett responded, "We did it for Lay-Lay [Covington]." Pope testified that he saw all three appellants on August 23, 1980. When McGirth was mentioned, Darrell Bossett said, "He got that cocksucker," and Walker stated, "Damn, I got that mother-fucker, I handcuffed and I stabbed him up good."The trial judge excluded evidence of appellants' trafficking in narcotics. However, the prosecutor made several references at trial to that trafficking.
 
 
 5
 The jury found appellants guilty of Murder in the Second Degree, and they were sentenced to imprisonment for 25 years to life. The New York State Supreme Court, Appellate Division, Second Department affirmed the convictions. The Court of Appeals denied leave to appeal with respect to both of the Bossetts and affirmed the conviction with respect to Walker. See People v. Darrell Bossett, 157 A.D.2d 734, 550 N.Y.S.2d 29, leave to appeal denied, 75 N.Y.2d 964, 556 N.Y.S.2d 249, 555 N.E.2d 621 (1990); People v. Michael Bossett, 145 A.D.2d 639, 536 N.Y.S.2d 478 (1988), leave to appeal denied, 73 N.Y.2d 1011, 541 N.Y.S.2d 766, 539 N.E.2d 594 (1989); People v. Walker, 129 A.D.2d 658, 514 N.Y.S.2d 272 (N.Y.App.Div.1987), aff'd, 71 N.Y.2d 1018, 530 N.Y.S.2d 103, 525 N.E.2d 748 (1988). Appellants then petitioned for writs of habeas corpus in the Eastern District. The petitions were denied, and appellants brought this appeal.
 
 DISCUSSION
 
 6
 All three appellants assert that they were convicted in violation of their due process rights under the Fifth and Fourteenth Amendments because prosecutorial misconduct rendered the trial fundamentally unfair and because the evidence underlying their convictions was constitutionally insufficient. In addition, Kenneth Walker and Darrell Bossett each claim that the admission of statements by non-testifying co-defendants violated their rights under the Confrontation Clause of the Sixth Amendment. Darrell Bossett claims also that he was denied his right to effective assistance of counsel under the Sixth Amendment and that the trial court's failure to give a circumstantial evidence charge violated his right to due process.
 
 
 7
 Judge Weinstein granted a certificate of probable cause for appeal limited to the issue of whether the admission of certain inculpatory statements made by non-testifying co-defendants violated appellants' rights under the Sixth Amendment. See Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). On appeal, each appellant has submitted a brief raising issues beyond the scope of the limited certificate of probable cause. We deem the notices of appeal to constitute a request pursuant to Fed.R.App.P. 22(b) for a certificate of probable cause with respect to the additional issues. Because appellants were selective in their briefing and we believe that it would be "just under the circumstances," we exercise our authority to hear all the issues raised by the various appeals. Vicaretti v. Henderson, 645 F.2d 100, 102 (2d Cir.1980), cert. denied, 454 U.S. 868, 102 S.Ct. 334, 70 L.Ed.2d 171 (1981).
 
 
 8
 1. Unexhausted and Procedurally Barred Claims
 
 
 9
 Several claims made by Darrell Bossett and Kenneth Walker were never raised in state court and are procedurally barred. A federal court may not grant a writ of habeas corpus to a state prisoner "unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. Sec. 2254(b) (1988). To fulfill the exhaustion requirement, a petitioner must have presented the substance of his federal claims "to the highest court of the pertinent state." Pesina v. Johnson, 913 F.2d 53, 54 (2d Cir.1990); see also Picard v. Conner, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971) ("federal claim must be fairly presented to the state courts"). Generally, if a federal habeas petition contains unexhausted claims, a federal court should dismiss it. Rose v. Lundy, 455 U.S. 509, 510, 102 S.Ct. 1198, 1199, 71 L.Ed.2d 379 (1982). However, if the petitioner no longer has "remedies available" in the state courts under 28 U.S.C. Sec. 2254(b), we deem the claims exhausted. Grey v. Hoke, 933 F.2d 117, 120-21 (2d Cir.1991) (citing Harris v. Reed, 489 U.S. 255, 263 n. 9, 109 S.Ct. 1038, 1043 n. 9, 103 L.Ed.2d 308 (1989), Castille v. Peoples, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989), and Engle v. Isaac, 456 U.S. 107, 125-26 n. 28, 102 S.Ct. 1558, 1510 n. 28, 71 L.Ed.2d 783 (1982)).
 
 
 10
 Kenneth Walker's claim of insufficient evidence was not presented to the New York Court of Appeals, and his Bruton claim was raised in state proceedings only as part of a claim for severance. Darrell Bossett did not raise his Bruton claim in state court. In addition, Darrell Bossett did not raise his ineffective assistance of counsel claim or his claim regarding the trial court's failure to give a circumstantial evidence charge when he applied for leave to appeal to the New York Court of Appeals. The failure to raise issues before the Court of Appeals precludes further consideration in the New York courts because each appellant has already made the one request for leave to appeal to which he is entitled. N.Y.Court Rules Sec. 500.10(a).[2] Nor may appellants now seek collateral review. See N.Y.Crim.Proc.Law Sec. 440.10(2)(a) (McKinney 1994) (collateral review barred if claim raised and addressed on direct appeal); N.Y.Crim.Proc.Law Sec. 440.10(2)(c) (McKinney 1994) (barring collateral review if claim could have been raised on direct review but was not). It would thus be fruitless to require Kenneth Walker and Darrell Bossett to pursue these claims in state court, and we deem the claims exhausted. However, the same procedural defaults prevent us from addressing the merits of these claims.
 
 
 11
 Federal courts may address the merits of a claim that was procedurally defaulted in state court only upon a showing of cause for the default and prejudice to the petitioner. Wainwright v. Sykes, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506-07, 53 L.Ed.2d 594 (1977). Cause may be demonstrated with "a showing that the factual or legal basis for a claim was not reasonably available to counsel, ... or that 'some interference by state officials' made compliance impracticable, ... [or that] the procedural default is the result of ineffective assistance of counsel." Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986) (citations omitted). Here, neither Kenneth Walker nor Darrell Bossett has shown cause for their procedural defaults. Although Bossett does make an ineffective assistance of counsel claim, that claim concerns only his trial counsel, not his appellate counsel, and thus does not explain his failure to raise the pertinent issues on appeal. Because the required showing of cause and prejudice has not been made with respect to appellants' procedurally defaulted claims, we dismiss those claims without reaching the merits.
 
 2. Prosecutorial Misconduct
 
 12
 Appellants contend that the prosecutor's references to drugs and drug-dealing at their trial constituted prosecutorial misconduct. "The appropriate standard of review for a claim of prosecutorial misconduct on a writ of habeas corpus is 'the narrow one of due process, and not the broad exercise of supervisory power.' " Floyd v. Meachum, 907 F.2d 347, 353 (2d Cir.1990) (quoting Darden v. Wainwright, 477 U.S. 168, 181, 106 S.Ct. 2464, 2471, 91 L.Ed.2d 144 (1986)).
 
 
 13
 At appellants' trial, the prosecutor alluded to appellants' involvement in illegal drug activity on several occasions notwithstanding the trial judge's exclusion of evidence of that drug-dealing. However, the misconduct of the prosecutor does not implicate federal due process. In affirming Kenneth Walker's conviction, the Appellate Division held that the prosecutor's references to drug-dealing were not legally prejudicial because evidence of drug activity could have been admitted to establish motive. See People v. Walker, 129 A.D.2d 658, 514 N.Y.S.2d 272, 272-73 (N.Y.App.Div.1987), aff'd, 71 N.Y.2d 1018, 530 N.Y.S.2d 103, 525 N.E.2d 748 (1988). We agree. Such evidence was probative of the hostile relationship between appellants and the victim and was thus of direct relevance to the murder charge. Had the trial court admitted the evidence, no federal constitutional question would have arisen from that admission or from the prosecutor's reliance upon it. The prosecutor's misconduct thus involves the purely state issue of a trial judge's power to conduct the trial and does not implicate appellants' due process rights.
 
 3. Insufficiency of Evidence
 
 14
 Michael and Darrell Bossett claim that there was constitutionally insufficient evidence to support their convictions.[3] The Supreme Court has held that a federal court must order "habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324, 99 S.Ct. 2781, 2791, 61 L.Ed.2d 560 (1979). The Bossetts assert that their convictions were based upon unreliable and ambiguous testimonial evidence that failed to prove their guilt beyond a reasonable doubt.
 
 
 15
 In determining the sufficiency of the evidence, we must view the evidence in the light most favorable to the prosecution, id. at 319, 99 S.Ct. at 2789, and decide whether the record is "so totally devoid of evidentiary support that a due process issue is raised." Mapp v. Warden, N.Y. State Correctional Inst. for Women, 531 F.2d 1167, 1173 n. 8 (2d Cir.), cert. denied, 429 U.S. 982, 97 S.Ct. 498, 50 L.Ed.2d 592 (1976). Under this standard, the convictions of Darrell and Michael Bossett are supported by constitutionally sufficient evidence. As noted, several witnesses testified that Michael Bossett threatened to kill McGirth on numerous occasions and that Darrell Bossett admitted that he played a role in the crime. Although appellants emphasize the lack of physical evidence connecting them to the murder and contend that the testifying witnesses were not credible, "a conviction may be based upon circumstantial evidence and inferences based upon the evidence, and the jury is exclusively responsible for determining a witness' credibility." United States v. Strauss, 999 F.2d 692, 696 (2d Cir.1993) (citations omitted). Moreover, one of the witnesses who implicated Michael Bossett was a lawyer who had no incentive to commit perjury.
 
 
 16
 We find meritless Darrell Bossett's argument that the state failed to establish that the murder occurred in Suffolk County, as alleged in the indictment. Although considerable doubt exists as to whether state venue issues raise a Sixth Amendment claim,[4] see Cook v. Morrill, 783 F.2d 593, 595 (5th Cir.1986) (Sixth Amendment venue provision does not apply to states), we need not resolve this question because the jury could reasonably have inferred that McGirth was killed where his body was found.
 
 
 17
 Affirmed.
 
 
 
 *
 The Honorable William M. Skretny, United States District Judge for the Western District of New York, sitting by designation
 
 
 [1]
 A previous trial on the same charges had resulted in a mistrial
 
 
 [2]
 Darrell Bossett's claim regarding the trial court's failure to include a circumstantial evidence charge also is procedurally barred because Bossett failed to object to the charge and thus did not preserve the issue for appeal. See N.Y.Crim.Proc.Law Sec. 470.05(2) (McKinney 1994) (defendant must object to jury instructions at trial in order to preserve issue for appellate review); Taylor v. Harris, 640 F.2d 1, 2 (2d Cir.) (per curiam), cert. denied, 452 U.S. 942, 101 S.Ct. 3089, 69 L.Ed.2d 958 (1981)
 
 
 [3]
 Kenneth Walker's claim of insufficient evidence is procedurally barred. See supra text accompanying note 2
 
 
 [4]
 The pertinent portion of the Sixth Amendment reads:
 In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law....