101 F.3d 687
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
James VIGILANTE, Petitioner-Appellant,
v.
Dominic MANTELLO, Superintendent, Wende Correctional
Facility, Respondent-Appellee.
 No. 95-2561.
 United States Court of Appeals, Second Circuit.
 June 25, 1996.
 
 Deborah Wolikow Loewenberg, New City, NY, for Appellant.
 Jonathan L. Frank, Assistant District Attorney for Kings County, Brooklyn, NY., for Appellee.
 Before MAHONEY and McLAUGHLIN, Circuit Judges and CARMAN, J.*
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 3
 1. Petitioner-appellant James Vigilante appeals from a judgment entered August 3, 1995 in the United States District Court for the Eastern District of New York that denied his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Vigilante had previously been convicted of second degree murder in violation of New York Penal Law § 125.25 for the shooting death of Howard Rosenberg. Vigilante is presently serving a twenty-years-to-life term of imprisonment.
 
 
 4
 2. Vigilante contends that his Sixth and Fourteenth Amendment right to confront the witnesses against him was violated by the introduction of hearsay statements made by Rosenberg following the shooting. Approximately twenty minutes after the shooting, while Rosenberg was being transported to a hospital, Rosenberg regained consciousness and, in response to questioning by a paramedic, stated that he had been shot by "Jimmy from Jack LaLanne," and that Rosenberg's brother "knows who it is." Approximately ten minutes later, at the hospital and in response to questioning by police officers, Rosenberg repeated these statements. Rosenberg did not survive, and the paramedic and the police officers testified about his statements at trial pursuant to the excited utterances exception to new York's hearsay rule. See generally People v. Brown, 70 N.Y.2d 513, 517-522, 517 N.E.2d 515, ---, 522 N.Y.S.2d 837, 839-42 (1987) (discussing the exception).
 
 
 5
 . 3. The admission of evidence pursuant to a "firmly rooted" exception to the hearsay rule, such as the exception for spontaneous or excited utterances, does not violate the Confrontation Clause. See White v. Illinois, 502 U.S. 346, 355 n. 8 (1992). Of course, "the mere fact that a state court, in admitting evidence, tucks it into a pigeonhole which bears the label of a time-honored hearsay exception cannot be entirely dispositive." Puleio v. Voe, 830 F.2d 1197, 1207 (1st Cir.1987), cert. denied, 485 U.S. 990 (1988). In this case, however, Rosenberg's statements clearly fell within the traditional scope of the "excited utterance" exception to the hearsay rule. Rosenberg made his statements under the stress of a sudden and violent event, while he was dying from mortal wounds and suffering from extreme pain. His statements were not the product of studied reflection. Furthermore, "[a]n excited utterance need not be contemporaneous with the startling event to be admissible." United States v. Scarpa, 913 F.2d 993, 1017 (2d Cir.1990) (collecting cases). Under the circumstances of this case, we conclude that Rosenberg's statements fell within a firmly rooted exception to the hearsay rule, and that their admission at trial did not violate Vigilante's right to confront the witnesses against him.
 
 
 6
 4. Vigilante also contends that there was insufficient evidence to support a verdict of guilty beyond a reasonable doubt. A federal court must order "habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324 (1979). We view the evidence in the light most favorable to the prosecution, id. at 319, and determine "whether the record is 'so totally devoid of evidentiary support that a due process issue is raised.' " Bossett v. Walker, 41 F.3d 825, 830 (2d Cir.1994) (quoting Mapp v. Warden, N.Y. State Correctional Inst. for Women, 531 F.2d 1167, 1173 n. 8 (2d Cir.), cert. denied, 429 U.S. 982 (1976)), cert. denied, 115 S.Ct. 1436 (1995). Under this standard, we conclude that Rosenberg's statements implicating "Jimmy from Jack LaLanne," coupled with the evidence of the nature of the relationship between Rosenberg and Vigilante, were sufficient to support the inference that Vigilante was the "Jimmy" who had murdered Rosenberg.
 
 
 7
 5. Finally, we reject Vigilante's contention that he was denied the effective assistance of trial counsel. The district court conducted a hearing at which it inquired into the performance of Vigilante's trial counsel. We agreed with the district court that the performance of Vigilante's counsel fell within "the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. 668, 690 (1984).
 
 
 
 *
 The Honorable Gregory W. Carman of the United States Court of International Trade, sitting by designation