104 F.3d 350
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Robert FOWLER, Plaintiff-Appellant,
v.
Walter R. KELLY, Superintendent, Attica Correctional
Facility, Defendant-Appellee.
 No. 95-2527.
 United States Court of Appeals, Second Circuit.
 Sept. 16, 1996.
 
 Warren S. Landau, Smithtown, NY.
 Marc Frazier Scholl, Asst. Dist. Atty., Dist. Atty's Office, New York, NY.
 Present: NEWMAN, Chief Judge, OAKES, CALABRESI, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Robert Fowler appeals from the June 22, 1995, judgment of the District Court dismissing his petition for a writ of habeas corpus to challenge his state court conviction.
 
 
 4
 After a 1979 jury trial in the New York Supreme Court, New York County (Burton B. Roberts, Justice), Fowler was convicted of two counts of murder in the second degree, N.Y. Penal Law § 125.25(1) (intentional murder) and § 125.25(3) (felony murder). He was sentenced to two concurrent terms of imprisonment of 25 years to life.
 
 
 5
 On direct appeal to the Appellate Division, Fowler's counsel presented four claims: (1) that Fowler's guilt was not proven beyond a reasonable doubt; (2) that he was denied a fair trial by the trial judge's excessive participation in the trial; (3) that he was denied a fair trial by the court's refusal to allow the jury to visit the scene of the crime; and (4) that he was denied a fair trial by the prosecutor's improper remarks during summation. In a pro se "Supplemental Brief" and "Addendum," which the Appellate Division granted leave to file, he raised three additional claims: (5) that his Fifth Amendment right against double jeopardy was violated when he was retried, after the jury in his first trial was unable to reach a verdict, because there had been insufficient evidence of guilt on the felony murder count at the first trial; (6) that his conviction was obtained through the use of evidence that was seized in violation of the Fourth Amendment; and (7) that he was denied effective assistance of trial counsel. The Appellate Division affirmed without opinion. People v. Fowler, 120 A.D.2d 994, 501 N.Y.S.2d 547 (1st Dep't 1986).
 
 
 6
 Subsequently, in a letter application seeking leave to appeal to the New York Court of Appeals, Fowler's counsel specifically asked the Court to consider two issues: claim (2) that Fowler was denied a fair trial by the trial judge's excessive participation, and claim (3) that Fowler's request for the jury to visit the scene of the crime was improperly denied. Additionally, counsel referred the Court of Appeals to other issues raised in the briefs to the Appellate Division, as follows: "With regard to the remaining issues presented by this case, we rely upon the briefs submitted to the Appellate Division, including those briefs submitted by appellant pro se." Leave to appeal to the New York Court of Appeals was denied. People v. Fowler, 68 N.Y.2d 668, 496 N.E.2d 691, 505 N.Y.S.2d 1033 (1986).
 
 
 7
 Fowler then brought a pro se motion for reconsideration of the denial of leave to appeal, submitting two letters. In the first letter Fowler raised the double jeopardy argument (claim (5)) and a new argument (claim (8)) that he was denied an effective appeal because the Appellate Division refused his request to be provided with the grand jury minutes or the transcript from his first trial. In the second letter, Fowler raised his Fourth Amendment (claim (6)) and ineffective assistance of counsel (claim (7)) arguments. The Court of Appeals issued a Certificate Denying Leave Upon Reconsideration. People v. Fowler, 68 N.Y.2d 1000, 503 N.E.2d 129, 510 N.Y.S.2d 1033 (1986).
 
 
 8
 In 1991, Fowler, pro se, brought a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 1979 conviction on all eight grounds enumerated above. Chief Magistrate Judge Gershon recommended dismissing Fowler's petition. In a June 9, 1995, Order ("Order"), Judge Preska adopted Magistrate Gershon's thorough and well-reasoned Report in nearly its entirety and denied Fowler's petition.
 
 
 9
 Preliminarily, the State argues that two provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132--section 101 creating a one-year statute of limitations for habeas petitions and section 104 establishing more deferential standards of habeas review of state court determinations of law and fact--ought to be applied retroactively to Fowler's petition. This argument, however, is foreclosed by our recent decisions rejecting the retroactive application of each of these provisions of the 1996 Act in contexts similar to that of Fowler's case. See Reyes v. Keane, 90 F.3d 676 (2d Cir.1996) (section 101) and Boria v. Keane, 90 F.3d 36 (2d Cir.1996) (section 104).
 
 
 10
 1. We agree with Magistrate Judge Gershon that Fowler's claim (1), asserting that guilt was not proven beyond a reasonable doubt, was not "fairly presented" to the New York Court of Appeals and thus not exhausted for the purposes of 28 U.S.C. § 2254(b). See Pesina v. Johnson, 913 F.2d 53, 54 (2d Cir.1990); Daye v. Attorney General, 696 F.2d 186, 190 n. 3 (2d Cir.1982) (in banc) ("Daye I "). In Grey v. Hoke, 933 F.2d 117, 120 (2d Cir.1991), this Court ruled that claims not explicitly mentioned in a habeas petitioner's letter application for leave to appeal to the New York Court of Appeals were not fairly presented to that court--even if the petitioner attached his Appellate Division brief, containing these claims, to that letter. Neither Fowler nor his attorney raised claim (1) in their respective letter applications to the Court of Appeals. Under Grey, Fowler has not exhausted his state remedies with respect to this claim.
 
 
 11
 Generally, if a federal habeas petition contains unexhausted claims, this Court will dismiss it. Rose v. Lundy, 455 U.S. 509, 510, 102 S.Ct. 1198, 1199 (1982). However, "if the petitioner no longer has 'remedies available' in the state courts under 28 U.S.C. § 2254(b), we deem the claims exhausted." Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 115 S.Ct. 1436 (1995). In this case, Fowler's failure to raise issues before the Court of Appeals precludes further consideration in the New York courts because he has already made the one request for leave to appeal to which he is entitled. N.Y. Court Rules § 500.10(a). Fowler is also precluded from seeking state collateral review on this issue because the Appellate Division has already considered its merits on direct review. See N.Y.Crim. Proc. Law § 440.10(2)(a) (McKinney 1994). Therefore, we deem Fowler's claim (1) exhausted because he no longer has "remedies available in the courts of the State" within the meaning of 28 U.S.C. § 2254(b).
 
 
 12
 However, because Fowler has forfeited his right to litigate claim (1) in state court, he cannot litigate the merits of that claim in federal habeas proceedings "absent a showing of cause for the procedural default and prejudice resulting therefrom." Grey, 933 F.2d at 121, and the requisite cause has not been shown. Fowler's ineffective assistance of counsel argument--claim (7)--"concerns only his trial counsel, not his appellate counsel, and thus does not explain his failure to raise the pertinent issues on appeal." Bossett, 41 F.3d at 829. Claim (1) was properly dismissed.
 
 
 13
 2. Claim (2)--alleging excessive participation in the trial by the trial judge--was properly rejected on the merits. "A trial judge's intervention in the conduct of a criminal trial would have to reach a significant extent and be adverse to the defendant to a substantial degree before the risk of either impaired functioning of the jury or lack of the appearance of a fair trial exceeded constitutional limits." Daye v. Attorney General, 712 F.2d 1566, 1572 (2d Cir.1983), cert. denied, 464 U.S. 1048 (1984) ("Daye II ") (emphasis added); see Gayle v. Scully, 779 F.2d 802, 806 (2d Cir.1985).
 
 
 14
 Upon a review of the record of the trial judge's participation, we find that no constitutional bounds were exceeded. Although the trial judge's interventions--especially his somewhat hostile questioning of Bellen Pellot, a key defense witness, and his leading examination of Harry Best, a prosecution witness--were perhaps unwise, they were not "significant and adverse to the defense 'to a substantial degree.' " Gayle, 779 F.2d at 806, quoting Daye II, 712 F.2d at 872.
 
 
 15
 3. Though we disagree with the Magistrate Judge's view that Fowler's claim (3), concerning the trial judge's denial of his request for the jury to visit the crime scene, is not exhausted, we agree with the District Judge that this claim fails on its merits. The trial judge's denial of Fowler's request did not violate his constitutional right to a fair trial. The jury had before it photographs of the crime scene and its layout as well as detailed witness testimony describing its dimensions. The defense had ample opportunity to cross-examine witnesses concerning these issues.
 
 
 16
 4. Fowler's claim (4)--that he was denied a fair trial by the prosecutor's improper remarks during summation--is procedurally barred for the same reason that bars claim (1).
 
 
 17
 5. Fowler's claim (5)--that retrial violated the double jeopardy protection--was waived by failure to raise it prior to retrial. Paul v. Henderson, 698 F.2d 589, 592 (2d Cir.), cert. denied, 464 U.S. 835 (1983). Moreover, retrial following a mistrial declared because of a hung jury does not violate the Double Jeopardy Clause even if insufficient evidence was presented at the first trial. Richardson v. United States, 468 U.S. 317, 326 (1984).
 
 
 18
 6. Fowler's sixth claim--violation of his Fourth Amendment rights--is barred because New York "has provided an opportunity for full and fair litigation" for his Fourth Amendment claim. See Stone v. Powell, 428 U.S. 465, 482 (1976).
 
 
 19
 7. As to Fowler's seventh claim--ineffectiveness of his trial counsel--only the issue of counsel's lack of preparation for the trial is fully exhausted, and this claim lacks merit.
 
 
 20
 8. Fowler's eighth claim--that the Appellate Division violated his constitutional right to an effective appeal because it refused his request for grand jury and trial transcripts--fails because the trial record demonstrates that the transcripts were available to defense counsel at the retrial.