Corinne **JOHNSON**, Petitioner,

v.

**STATE OF NEW YORK**, Respondent.

No. CV 96–2988.

United States District Court,
E.D. New York.

Aug. 11, 1997.

Corinne Johnson, Massapequa, NY, Petitioner Pro Se.

James Catterson, Suffolk County District Attorney by Mary–Ellen Harkin, Assistant District Attorney, Riverhead, NY, for Respondent.

WEXLER, District Judge.

*Pro se* Petitioner, Corinne Johnson, brings the above captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent opposes the petition. For the reasons set forth below, the petition is dismissed with prejudice.

## I.  *BACKGROUND*

Petitioner was convicted, after a jury trial, in Supreme Court, Suffolk County, of criminal possession of stolen property in the third degree, on July 21, 1993, and sentenced to five years probation. The Appellate Division, Second Department, affirmed the conviction by a decision and order dated November 27, 1995. The New York Court of Appeals denied leave to appeal by order dated December 14, 1995. Prior to jury selec-

tion in the state court, Petitioner brought a motion to have a hearing as to the fairness of the jury panel. The trial judge, J. Vaughn, denied the motion in a decision dated January 8, 1990. After her conviction, Petitioner raised two claims on appeal to the Appellate Division, namely that the trial judge erred in issuing an *Allen* charge, *see Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), and that the State failed to prove Petitioner's guilt beyond a reasonable doubt. The Appellate Division, Second Department, held that the verdict was not against the weight of the evidence and that Petitioner's challenge to the courts use of the *Allen* charge was unpreserved for appellate review, thus the Appellate Division declined to review the challenge.

Petitioner subsequently filed the present habeas corpus petition on four grounds, first, that the panel of jurors represented one ethnic group, second, that a conflict of interest existed between a juror and the prosecution, third, that the prosecution committed misconduct, and lastly, that the judge coerced the jury to come to a guilty verdict.

## II. *DISCUSSION*

### A. *The "In Custody" Requirement*

In addition to addressing the individual claims by Petitioner, the state contends that Petitioner is not entitled to relief under 28 U.S.C. § 2254 because she is on probation and not in custody. It is axiomatic that a District Court can entertain an application for a writ of habeas corpus only on the ground that Petitioner is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). Petitioner was sentenced to five years probation. The State contends that since the Petitioner is not incarcerated, she is not sufficiently "in custody" to be eligible for relief under § 2254.

■ The Supreme Court of the United States, in *Jones v. Cunningham,* 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), held that a Petitioner for a writ of habeas corpus currently on parole met the "in custody" requirement of the habeas corpus statute. The Court held, "what matters is that [parole] significantly restrain[s] Petitioner's liberty to do those things which in this country

free men are entitled to do. Such restraints are enough to invoke the help of the Great Writ." *Id.* at 243, 83 S.Ct. at 377. Probation, like parole, subjects the person to certain restrictions that limits their freedom, which other citizens are not subject to. Also, both parole and probation put the person at risk of future incarceration. In fact, the only reported Second Circuit case to address the issue found no distinction between parole and probation for purposes of the "in custody" requirement. *United States v. Shelly,* 430 F.2d 215, 216 n. 3 (1970). Hence, this Court finds that there is "no material difference between probation and parole in applying the 'in custody' requirement of § 2254." *Barry v. Brower,* 864 F.2d 294, 296 (3d Cir.1988).

Furthermore, all of the other circuits that have addressed this issue have held that a probationary sentence does satisfy the "in custody" requirement of § 2254. *See Krantz v. Briggs,* 983 F.2d 961 (9th Cir.1993); *Olson v. Hart,* 965 F.2d 940 (10th Cir.1992); *Barry v. Brower,* 864 F.2d 294 (3d Cir.1988); *Birdsell v. Alabama,* 834 F.2d 920 (11th Cir.1987); *Tiitsman v. Black,* 536 F.2d 678 (6th Cir. 1976). Although the *Shelly* case involved a case under 28 U.S.C. § 2241, this court holds that a probationary sentence satisfies the "in custody" prerequisite of § 2254, due to the restrictions a probationary sentence puts on a person's freedoms and the risk of future incarceration imposed onto the person.

### B. *The "Exhaustion of Remedies" Requirement*

■ A Petitioner for a writ of habeas corpus must have "exhausted the remedies available in the courts of the state, or [shown] that there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner," 28 U.S.C. § 2254, before a federal court can grant habeas corpus relief. *See Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Daye v. Attorney General of New York,* 696 F.2d 186, 190–191 (2d Cir.1982) (en banc), *cert. denied,* 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."

28 U.S.C. § 2254(c). Moreover, the exhaustion requirement is not satisfied unless the federal claim has been "fairly presented" to the highest state court. *See Pesina v. Johnson,* 913 F.2d 53, 54 (2d Cir.1990) (per curiam); *Daye,* 696 F.2d at 191. To have fairly presented a federal claim to the state courts, the Petitioner must have informed the state court of both the factual and legal premises of the claim asserted in the federal court. *See Picard,* 404 U.S. at 276–277, 92 S.Ct. at 512–513; *Daye,* 696 F.2d at 191–194.

■ "However, if the Petitioner no longer has 'remedies available' in the state courts under 28 U.S.C. § 2254(b), we deem the claims exhausted." *Bossett v. Walker,* 41 F.3d 825 (2d Cir.1994), *cert. denied,* 514 U.S. 1054, 115 S.Ct. 1436, 131 L.Ed.2d 316 (1995) (citations omitted). Furthermore, "[f]or exhaustion purposes, 'a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred.'" *Grey v. Hoke,* 933 F.2d 117, 120 (2d Cir.1991) (quoting *Harris v. Reed,* 489 U.S. 255, 263 n. 9, 109 S.Ct. 1038, 1043 n. 9, 103 L.Ed.2d 308 (1989)). "In such a case, Petitioner no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. § 2254(b)," *Grey,* 933 F.2d at 120 (citations omitted), and the claims are considered exhausted. *See Bossett,* 41 F.3d at 828. However, "Federal Courts may address the merits of a claim that was procedurally defaulted in a state court only upon a showing of cause for the default and prejudice to the Petitioner." *Id.* at 829 (citations omitted).

■ Here, Petitioner only raised one of her instant claims upon appeal to the Appellate Division, Second Department, namely her challenge to the trial court's use of an *Allen* charge. However, the Second Department declined to hear that challenge holding that it was unpreserved for appellate review under N.Y.Crim. Proc. Law § 470.05(2).

Petitioner's three other instant claims were not raised upon appeal to the Second Department. Thus, the factual and legal premises of all of Petitioner's instant claims were not fairly presented to the State court and they would normally be deemed unexhausted. *See Picard,* 404 U.S. at 276–277, 92 S.Ct. at 512–513. Here, Petitioner has already made her one request for leave to appeal that she is entitled to under New York Court Rules § 500.10(a). Therefore, since Petitioner no longer has the right to appeal her conviction in the State court under New York State law, any attempt by Petitioner to raise her instant claims in State court would be procedurally barred.[1] Hence, Petitioner's instant claims are all deemed exhausted by this Court. *See Bossett,* 41 F.3d at 829; *Grey,* 933 F.2d at 120.

### C. *Procedural Bar*

■ The same procedural defaults that prohibits Petitioner from pursuing her claim in state court now procedurally bars this Court from hearing the merits of Petitioner's claims. *See Bossett,* 41 F.3d at 829. This Court will address the merits of a procedurally barred claim only if there is a showing of cause why the claim was defaulted, and a showing of prejudice to the Petitioner. *See Bossett,* 41 F.3d at 829. Petitioner does not offer any showing of cause why the claims were defaulted, nor does the Court find any cause why her claims were defaulted in the record. Furthermore, after the Court's review of the record, it cannot find any indication of prejudice to the Petitioner from these claims being defaulted.

■ Petitioner alleges that the panel of jurors consisted only of White individuals, while she is of Native American and Black ancestry. *See* Pet. at 5. First, Petitioner fails to meet the tripartite test for a violation of the requirement that a jury be a fair cross-section of the community set out in *Duren v. Missouri,* 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979). Most important-

---

1. Respondent raises the point that in order for Petitioner to exhaust her remedies in the state court she must collaterally attack the judgment against her. (Respondent's brief p. 3) A collateral attack on the judgment is required for the exhaustion requirement, but here any collateral attack on Petitioner's conviction would be futile under N.Y.Crim. Proc. Law § 440.10(2) and

§ 440.10(3). This Court sees no reason to force Petitioner to waste time filing a collateral attack motion in the state courts, when the state courts will simply deny such a motion. Therefore, in the interests of time and justice, this Court holds that the Petitioner no longer has remedies available in the state courts, despite the fact that she has not collaterally attacked her conviction.

ly, the Petitioner has not met the third element of the *Duren* test, namely that there was a systematic exclusion of a distinctive group. *See id.* at 364, 99 S.Ct. at 668–669. Furthermore, the Respondent presents this Court with an extremely persuasive affidavit from the Commissioner of Jurors in Suffolk County, Thomas Hennessey, which thoroughly lays out Suffolk County's procedure for creating a jury pool. Based on the Petitioner's failure to meet the requisite test for a due process violation and the affidavit of the Commissioner of Jurors, this Court finds no prejudice to the Petitioner if this claim is procedurally barred.

■ Petitioner also makes a claim of a conflict of interest between the prosecution and a member of the jury panel because the prospective juror held bank accounts with European American Bank (EAB), the bank that Petitioner was to have allegedly defrauded. *See* Pet. at 5. After reading the jury selection minutes, it is evident that only one prospective juror who had any type of affiliation with EAB was selected as a juror for Petitioner's trial, namely juror number one, Mr. Wolff. However, after Mr. Wolff indicated that he had bank accounts with EAB, the Judge asked the jury panel, "is there any juror who feels they cannot sit as a fair and impartial juror for any reason?" Jury Selection Minutes at 44. Mr. Wolff did not respond to that question, thus indicating that he felt he could be a fair and impartial juror despite the fact that he held bank accounts at EAB. In that regard, the Court cannot find a sufficient interest on the part of Mr. Wolff that would have made him incapable of being fair and impartial. Thus, this Court finds that the Petitioner will not endure any prejudice from her claim of conflict of interest being deemed procedurally barred.

■ Petitioner's next claim that the prosecution badgered an officer of the court is also non-prejudicial to the Petitioner. After a thorough reading of the trial transcript, this Court is hard pressed to find any misconduct on the part of the prosecution that would merit a constitutional violation. Nor can this Court find any indication in the record that the prosecution did anything remotely close to badgering an officer of the court "by instructing him that she would use him as a witness to prove [Petitioner's] guilt." Pet. at 6. Without Petitioner providing any specific allegations of prosecutorial misconduct, and without any indication of prosecutorial misconduct within the record, this Court finds that Petitioner will not be prejudiced if her claim of prosecutorial misconduct is deemed procedurally barred.

■ Finally, Petitioner's claim that the trial judge coerced the jury into reaching a guilty verdict, *see* Pet. at 6, also lacks prejudicial value. The trial court's use of the *Allen* charge is simply an encouragement to the jury to attempt to arrive at a verdict if possible. *See U.S. v. Melendez*, 60 F.3d 41 (2d Cir.1995). The *Allen* charge uses the reasoning that it is in the best interests of both the prosecution and the defense for the jury to reach a verdict. *See id.* An *Allen* charge does not mandate that the jury come back with a guilty verdict, it only asks that the jurors reconsider their deadlocked status, "without any juror yielding a conscientious conviction." *U.S. v. Robinson*, 560 F.2d 507, 517 (2d Cir.1977) (citations omitted). Furthermore, "such a charge is helpful and not coercive when it only expresses encouragement to reach a verdict, if possible, to avoid the expense and delay of a new trial." *Melendez*, 60 F.3d at 51. Since the trial judge's *Allen* charge only encouraged the jury to attempt to reach a verdict if possible because a new trial would be burdensome on both sides, it cannot be said that the trial court's use of the *Allen* charge was prejudicial to the Petitioner. Hence, a procedural bar of Petitioner's *Allen* charge claim will not prejudice the Petitioner.

Thus, since the required showing of cause and prejudice has not been made with respect to Petitioner's procedurally defaulted claims, the Court dismisses those claims without reaching the merits. *See Bossett*, 41 F.3d at 829.

Accordingly, the petition must be dismissed with prejudice because Petitioner's instant claims are procedurally barred and a showing of cause and prejudice has not been made.

### III.  *CONCLUSION*

For the above reasons, the petition is hereby dismissed with prejudice. The clerk of

the Court is directed to close the file in this matter.

SO ORDERED.