10-4648-pr
Moore v. Conway

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of April, two thousand twelve.

PRESENT:   JOHN M. WALKER, JR.,
           CHESTER J. STRAUB,
           GERARD E. LYNCH,
                    *Circuit Judges.*

-------------------------------------------------------------------

MELVIN MOORE,

                    *Petitioner-Appellant*,

            v.                                No. 10-4648-pr

JAMES T. CONWAY, Warden Attica Correctional Facility,

                    *Respondent-Appellee*.

-------------------------------------------------------------------

FOR APPELLANT:          JANE S. MEYERS, Law Office of Jane S. Meyers, Brooklyn, NY.


FOR APPELLEE:           GEOFFREY KAEUPER, Assistant District Attorney *for* Michael C. Green, Monroe County District Attorney, Rochester, NY.

Appeal from the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Petitioner Melvin Moore was indicted in state court in 2001 for seven offenses relating to three separate attacks on young women in Rochester in 1999. He was tried before a jury in 2003, and convicted of all four of the counts concerning two of the victims. With respect to the third victim ("Victim 3"), who was twelve years old when she was attacked, the jury found petitioner not guilty of two sexual abuse charges, but convicted him of unlawful imprisonment in the second degree, in violation of New York Penal Law § 135.05. After unsuccessfully appealing his convictions in the New York state courts, petitioner filed a timely application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 28, 2008. The district court denied the petition in its entirety. Petitioner was granted a certificate of appealability, limited to the issue of whether his unlawful imprisonment conviction, for which he received a sentence of one year in prison, which under New York law was to run concurrently with sentences totaling twenty-seven years in prison he received on the counts involving the other victims, was obtained in violation of his constitutional rights due to the prosecution's misconduct during trial. We now affirm for substantially the reasons given by the district court.

We review a district court's denial of a § 2254 petition de novo. Harris v. Kuhlmann, 346 F.3d 330, 342 (2d Cir. 2003). We may grant habeas relief under § 2254 if the state court's adjudication of a claim on the merits "involved an unreasonable application of . . . clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court decision is an unreasonable application of

2

clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Williams v. Taylor, 529 U.S. 362, 407-08 (2000). To meet this demanding standard, a prisoner must show that the state court's ruling was "so lacking in justification that there was . . . [no] possibility for fairminded disagreement." Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011).

"The appropriate standard of review for a claim of prosecutorial misconduct on a writ of habeas corpus is the narrow one of due process, and not the broad exercise of supervisory power." Bossett v. Walker, 41 F.3d 825, 829 (2d Cir. 1994) (internal quotation marks omitted). To prevail on such a claim, a state habeas corpus petitioner must show that the prosecutor's conduct "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Darden v. Wainwright, 477 U.S. 168, 181 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)); see also Tankleff v. Senkowski, 135 F.3d 235, 252 (2d Cir. 1998) ("In order to grant relief, we would have to find that the prosecutor's comments constituted more than mere trial error, and were instead so egregious as to violate the defendant's due process rights."). In determining whether the prosecutor's behavior deprived the petitioner of a fair trial, we consider "the severity of the misconduct, the measures adopted to cure the misconduct, and the certainty of conviction absent the misconduct." United States v. Elias, 285 F.3d 183, 190 (2d Cir. 2002).

Petitioner identifies three examples of prosecutorial misconduct during trial. Appellee concedes that the challenged conduct was improper, but argues that, even considered cumulatively, the prosecutor's misconduct was insufficient to render petitioner's conviction

3

for unlawful imprisonment a violation of due process. We agree, primarily because all of the misconduct of which petitioner complains was promptly and effectively cured by the alert trial judge, fully protecting his right to a fair trial.

The first instance of misconduct involved the prosecutor's attempt to rehabilitate Victim 3's testimony concerning a photo array that the police had originally shown to her a week after her attack. During cross-examination, defense counsel asked Victim 3 if the photo array had a picture of petitioner in it, and she pointed to photo number one in the array. During redirect examination, the prosecutor asked, "wouldn't it be fair to say that the person in number one isn't the defendant but, in fact, it's number three?" Defense counsel immediately objected on the ground that the prosecutor was attempting to testify, and the trial court sustained the objection and struck both the question and the answer. We agree with the district court that the prosecutor's improper question likely worked to petitioner's benefit by drawing the jury's attention to the fact that Victim 3 was unable to identify him during cross-examination. Moreover, any potential prejudice from the prosecutor's impropriety was remedied by the trial court's prompt curative instruction.

The second instance of prosecutorial misconduct involved two photographs of petitioner's basement. Victim 3 testified that petitioner had assaulted her in his basement, and she described the basement as having weights, a dark rug, and white couches. The prosecutor possessed two photographs depicting the basement, but he did not ask Victim 3 about them because, as he admitted to the trial court, he was unsure whether Victim 3 would recognize the basement from the photographs. Instead, the prosecutor initially attempted to

4

introduce the photographs into evidence through a police investigator. The district court sustained defense counsel's objection to the photographs, concluding that they would improperly invite the jury to speculate that Victim 3 had been assaulted in petitioner's basement. Despite this ruling, during the prosecutor's subsequent cross-examination of petitioner's sister, the prosecutor showed her a copy of one of the basement photographs for identification, holding the photograph so that the jury could see it. The trial court sustained defense counsel's objection, and immediately gave a strong curative instruction to the jury, stating that the prosecutor's effort to offer the exhibit was "improper in the extreme" and that showing the photograph to the jury was "also extremely improper." The court further instructed that any member of the jury who saw the photo was to "disregard your knowledge of [its] contents" because the photograph was "completely unreliable evidence" and "would tend to mislead you in your decision making." Petitioner's argument that the prosecutor's misconduct so prejudiced him as to deny him a fair trial is unavailing. It is not clear from the trial record whether any members of the jury actually saw the photo, and in any event the trial court gave the jury a very strong curative instruction that emphasized not only the impropriety of the prosecutor's action but also the unreliability of the evidence. See United States v. Stewart, 590 F.3d 93, 124 (2d Cir. 2009) (noting that we presume that jurors follow curative instructions). Petitioner's suggestion that a jury note shows that the jury relied on the photographs is unpersuasive, as the note inquiring about Victim 3's testimony about photographs referred to other photographs that were admitted into evidence, not to the photographs of petitioner's basement.

5

Third, petitioner claims that his trial was rendered unfair by the prosecutor's reference to him during summation as a "predator." Once again, the judge sustained a defense objection to this comment, and subsequently instructed the jury that the arguments of counsel are not evidence. As a result, we conclude that the prosecutor's statement did not, either in isolation or in conjunction with the prosecutor's other misconduct, deprive petitioner of due process. Cf. United States v. Newton, 369 F.3d 659, 681-82 (2d Cir. 2004) (concluding that prosecutor's statement during summation implying that defendant was a "predator" did not warrant reversal).

We have considered petitioner's other arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court