## (May 13, 1976)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY KRUK, Appellant.—Appeal (1) from a judgment of the County Court of Schoharie County, rendered June 21, 1974, upon a verdict convicting defendant of the crime of criminal impersonation, and (2) from an order of the same court, entered January 13, 1975, denying a motion for an order vacating the judgment on the grounds of newly discovered evidence. On January 30, 1974, at approximately 9:00 P.M., Charles Burt was sitting in his parked automobile on the side of Route 30 while studying deer for his employer. A car stopped nearby and one of its three occupants approached Burt's car. He flashed a badge and told Burt it was illegal to spot deer. He asked for identification, searched the car and frisked Burt. He then told Burt that he would either arrest him or take his light. Burt gave him his light. The individual then told Burt his name was Trooper Bob Kosst. As the three men left the scene, Burt wrote down their license plate number. Burt later called the State Police barracks at Loudonville to see about getting his light back. He described Trooper Kosst as being approximately five feet seven inches or five feet eight inches, balding and heavy set. The State Police responded that there was no trooper by the name of Kosst. Investigation disclosed that a Connecticut car with the license number, as written down by Burt, was registered to one Robert Gross who, though then residing in Connecticut, had resided in Schenectady and frequently visited there. An investigation of Gross' associates who fit the description of Trooper Kosst led to the defendant, a Schenectady policeman. State Police Sergeant Morey testified that he obtained a picture of four men, one of whom was defendant, which, together with other pictures, were shown to Burt. Sergeant Morey

testified on direct examination, without objection, that Burt identified the defendant as the man who had impersonated himself as Trooper Kosst. This was done notwithstanding the fact that earlier Burt had made an in-court identification of the defendant. On cross-examination of Burt, defendant raised the question of his pretrial photographic identification. The trial court denied defendant's motion to strike the identification from the record. The two men who were allegedly with defendant that night, testified for the People that it was the defendant who frisked Burt and confiscated his light. Defendant's first contention that the Constitution requires that counsel be present at a preindictment photographic display is without merit. (See *United States v Ash,* 413 US 300.) While we do not agree that the photographic display was so impermissibly suggestive as to create a very substantial likelihood of irreparable misidentification, in any event, the record establishes that the in-court identification had an independent source. (Cf. *People v Freeland,* 36 NY2d 518, 524.) The victim testified that he had a clear, well-illuminated view of the trooper and that he was the defendant. Moreover, under the test set forth in *People v Crimmins* (36 NY2d 230), as to whether the proof of the defendant's guilt, without reference to the alleged error, is overwhelming, we conclude that affirmance is mandated. Excluding Burt's identification testimony, defendant is placed at the scene of the crime by Gross and Dale, the two men who were allegedly with him in the car, which car had a license plate number identical to that written down by Burt and subsequently was found to have been owned by Robert Gross. Defendant's next contention must also be rejected. He argues that reversible error was committed when Sergeant Morey testified as to Burt's prior photographic identification of the defendant. Since no objection was made to this testimony (CPL 470.05, subd 2) the alleged error was not preserved for review. In any event, substantial rights of the defendant were not prejudiced. The same must be said of defendant's contention that the court committed error in its charge on the subject of "reasonable doubt". No objection was taken and when read in its entirety, it is evident that the instructions fully and accurately stated the rule concerning reasonable doubt. Defendant's appeal from the order denying his motion to vacate the judgment of conviction must be dismissed. An appeal from such an order must be by permission (CPL 450.15, 460.15) and no permission for such an appeal has been granted herein. Judgment affirmed. Appeal from order entered January 13, 1975 dismissed *sua sponte.* Greenblott, J. P., Sweeney, Main, Herlihy and Reynolds, JJ., concur.