**Marcus JOHNSON, Petitioner,**

v.

**Harold J. SMITH, Supt., Attica Correctional Facility, Respondent.**

No. 82 Civ. 6780.

United States District Court,
S.D. New York.

June 14, 1983.

Marcus Johnson pro se.

Robert M. Morgenthau, Dist. Atty., New York County, New York City, for respondent; Donald J. Siewert, Catherine M.A.

---

McCauliff, Asst. Dist. Attys., New York City, of counsel.

## OPINION

### EDWARD WEINFELD, District Judge.

Petitioner, Marcus Johnson, is confined to a New York State correctional facility pursuant to a judgment of conviction entered against him in New York Supreme Court. Johnson had been found guilty by a jury of attempted murder in the second degree, unlawful imprisonment in the first degree (four counts), robbery in the first degree (four counts), reckless endangerment in the first degree (three counts), and one count each of grand larceny in the second and third degrees.[1] He was sentenced to concurrent terms of imprisonment ranging from five terms of 8⅓ to 25 years under the attempted murder and robbery counts and to terms of 0 to 4 years for the unlawful imprisonment and grand larceny charges. Johnson brings this petition under 28 U.S.C., section 2254, alleging that his confinement is unconstitutional on three grounds. First, that he was denied a fair trial by reason of prosecutorial misconduct. Second, that the trial was unfair because improper identification techniques were employed. Finally, that he was denied the effective assistance of counsel at the trial and appellate stages.

The instant petition is Johnson's sixth post-conviction request for relief. In June, 1973—prior to his sentencing in state court—he filed his first petition for a federal writ of habeas corpus in this district. It was dismissed by Judge Tenney for failure to exhaust state remedies. Following sentencing, he appealed to the Appellate Division, First Department, which affirmed the judgment of conviction in all relevant respects.[2] Leave to appeal to the New York Court of Appeals was denied. Subsequent-

ly, Johnson filed a second petition for a federal writ of habeas corpus in the Western District of New York, raising four claims: (1) that there was no probable cause for his arrest; (2) that he was deprived of counsel at a lineup; (3) that he was not properly identified at trial; and (4) that he was denied the effective assistance of counsel at trial by reason of the trial court's failure to discharge his assigned counsel and appoint another attorney, after petitioner had expressed disagreement with the conduct of his defense. This petition was dismissed by District Judge Elfvin, also on exhaustion grounds.[3]

In June 1980, Johnson moved in the State Supreme Court to vacate his conviction under New York Criminal Procedure Law section 440.10. There, he again raised his claim of ineffective assistance of trial counsel. In addition, he stated that his appellate counsel, though requested by him to raise petitioner's Sixth Amendment claim with respect to his trial counsel, had failed to do so. Johnson did not argue, as he does now, that the failure of his appellate counsel to raise the claim constituted a separate constitutional wrong. The section 440.10 motion was denied, and there is no indication that an appeal from that denial was taken.[4] Johnson's third petition for a writ of habeas corpus was filed in this district on August 31, 1981. There, he did not raise an assistance of counsel claim at all. Nevertheless, Judge Sprizzo dismissed the petition on the ground that some of the claims raised were unexhausted.

This is Johnson's fourth petition for federal relief, and once again an exhaustion issue is dispositive. The harmony of our federal system rests in some measure on the requirement that state courts be afforded a fair opportunity to review allegations of constitutional violations attend-

---

**1.** Johnson was also convicted of one count of assault in the first degree, but that conviction was dismissed by the Appellate Division.

**2.** *See* note 1, *supra*.

**3.** In addition, the Court dismissed Johnson's third claim on the merits.

**4.** Upon the issuance of a certificate granting leave to appeal, *see* N.Y.Crim.Proc.Law § 460.-15 (McKinney 1971), a defendant can appeal the denial of a motion to vacate a judgment made under § 440.10. *See* N.Y.Crim.Proc.Law § 450.15 (McKinney 1971).

ant upon a conviction.[5] This includes petitioner's claim here that he was denied the effective assistance of appellate counsel.[6] Yet, petitioner did not present this claim to the state courts; he did nothing more than to allege in his section 440.10 motion that he had requested his appellate counsel to raise his Sixth Amendment claim with respect to his trial counsel and that his appellate counsel had not done so. This is not enough. "In order to have fairly presented his federal claim to the state courts the petitioner must have informed the state courts of both the factual and the legal premises of the claim he asserts in federal court."[7] No claim of a violation of his federal constitutional right was raised. Merely alleging that his appellate counsel had failed to comply with his request to raise a Sixth Amendment claim with respect to his trial counsel, without more, does not satisfy the exhaustion requirement.[8] A *claim* has to be raised before the state courts which is likely to alert them to a constitutional infirmity. Here no claim of ineffectiveness of appellate counsel was presented to the state courts, compelling the finding that petitioner has not exhausted this issue. Moreover, there has been a failure of exhaustion as to this claim for a second reason: it does not appear that Johnson has either appealed or sought leave to appeal the denial of his section 440.10 motion to vacate the judgment.[9] That motion was the only occasion before the state courts that he made any reference to the failure of appellate counsel to present the claim with respect to his trial attorney. Since "[e]xhaustion of available state remedies requires presentation of the claim to the highest state court from which a decision can be had,"[10] Johnson's failure to appeal the denial of his section 440.10 motion is an independent basis for concluding that he has failed to exhaust his claim of ineffectiveness of appellate counsel.

Accordingly, even though petitioner's remaining claims have been held to have been adequately exhausted by courts passing on his prior petitions, the presence of an unexhausted claim here requires the dismissal of the entire petition without prejudice.[11]

So ordered.

---

5. *See* 28 U.S.C. § 2254(b); *Anderson v. Harless,* —— U.S. ——, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Daye v. Attorney General,* 696 F.2d 186 (2d Cir.1982) (en banc).

6. Under New York Criminal Procedure Law § 450.10, petitioner's conviction was appealable of right. Thus, the Sixth Amendment right to effective assistance of counsel attached to his appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). *Cf. Solina v. United States,* 709 F.2d 160, No. 82–2389 (2d Cir. June 3, 1983).

7. *Daye v. Attorney General,* 696 F.2d 186, 191 (2d Cir.1982) (en banc). *See also Anderson v. Harless,* —— U.S. ——, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982).

8. *See, e.g., Twitty v. Smith,* 614 F.2d 325, 332 (2d Cir.1979) (approved of in *Daye v. Attorney General,* 696 F.2d 186, 193 (2d Cir.1982)).

9. *See* note 4, *supra.*

10. *Daye v. Attorney General,* 696 F.2d 186, 190 n. 3 (2d Cir.1982) (en banc); 28 U.S.C. § 2254(c).

11. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).