**Marcos RIVERA, Petitioner,**

v.

**William QUICK, Respondent.**

**No. 83 Civ. 118(MEL).**

United States District Court,
S.D. New York.

Oct. 6, 1983.

Marcos Rivera, pro se.

Robert Abrams, Atty. Gen. of N.Y., New York City, for respondent; George C. Perry, Asst. Atty. Gen., New York City, of counsel.

LASKER, District Judge.

Marcos Rivera seeks a writ of habeas corpus based on the alleged unconstitutionality of his sentence. Because Rivera's claims are without merit, his petition is denied.

Rivera pled guilty to two counts of Criminal Sale of a Controlled Substance in the Second Degree, a Class A–II felony, on April 23, 1979, in the Supreme Court of New York County. New York Penal Law ("N.Y.P.L.") § 220.41 (McKinney's 1980). On July 13, 1979, Rivera was sentenced to two concurrent terms of seven and a half years to life. Subsequent to Rivera's sentencing, the minimum statutory sentence for a Class A–II felony was reduced from six years to three years. See N.Y.P.L. § 70.00(3)(a)(ii) (McKinney's 1975 & Supp. 1982–83). The change in sentencing provisions was accompanied by the enactment of

a provision permitting resentencing of certain persons sentenced under the earlier guidelines. *See* N.Y.P.L. § 60.09 (McKinney's 1975 & Supp.1982–83). On December 7, 1979, Rivera was resentenced, pursuant to N.Y.P.L. § 60.09, to a new minimum term of six years on both counts.

Rivera filed a habeas corpus petition in this court in 1981, which was denied by Judge Leval in an unpublished opinion entered on January 8, 1982. 81 Civ. 4151(PNL). As summarized in Judge Leval's opinion, Rivera's claims were that "1) the sentencing court violated his rights under the Fifth and Fourteenth Amendments in failing to provide a hearing to allow the petitioner to press his objections to a confidential report submitted by the district attorney; 2) his sentence is disproportionate to the gravity of his crime and thus violates the Eighth and Fourteenth Amendments; 3) N.Y.Penal Law § 65.00, under which he alleges he is being held violates the Fifth, Thirteenth and Fourteenth Amendments; 4) he is being held in violation of his Sixth Amendment right 'to be confronted with the witnesses against him,' and 5) he is being held in violation of 28 U.S.C. § 2403(b) (permitting state to intervene in action in which constitutionality of state's statute is being challenged)."

Slip op. at 1. In denying Rivera's petition, Judge Leval noted that Rivera's claims had not been exhausted in the state courts. His

opinion went on to hold, however, that the claims were without merit. Slip op. at 4–5.[1]

In his instant petition, Rivera states that, after having exhausted state remedies, he wishes to assert the same claims raised in his earlier petition, along with one new claim. The new claim is that the imposition of a sentence of six years to life for Rivera's sale of heroin worth $21,300 violates his Fourteenth Amendment right to equal protection, because Abbie Hoffman was sentenced to a term of one to three years for selling narcotics worth $36,000. Rivera further contends that black and Hispanic defendants generally receive harsher sentences for narcotic offenses than do white defendants or defendants who are "notorious." Petition, at p. 7. Rivera also claims that his due process rights have been violated by the refusal of the state courts to entertain his equal protection claim.

■ As to Rivera's re-assertion of the claims raised in his earlier petition before Judge Leval, Rivera has not suggested any reason, nor do we perceive one, why Judge Leval's discussion of the merits of his claims should not be considered dispositive. Accordingly, for the reasons stated in Judge Leval's memorandum those claims are dismissed.

■ As to the new claim raised in Rivera's petition, which appears to have been adequately exhausted in the state courts,[2] the claim does not afford a basis for habeas corpus relief. Rivera's sentence is within the range prescribed by state law,[3] and its

---

1. Judge Leval's conclusions were as follows: "As to the claim that he was denied due process at sentencing, petitioner agreed to a plea bargain that fixed his sentence. In such a situation, a hearing on a confidential report would have been superfluous. Petitioner's sentence of six years to life is not so disproportionate for the offense of selling sizable quantities of heroin as to violate the Eighth Amendment. [citation omitted] Petitioner's challenge to the constitutionality of N.Y.Penal Law 65.00 is incomprehensible. That *statute is a probation statute; defendant was* sentenced under N.Y.Penal Law 70.00 and plaintiff does not indicate how his due process or Thirteenth Amendment rights have been violated by that sentence. Petitioner has not explained how his Sixth Amendment

rights have been infringed or how 28 U.S.C. 2403(b) is relevant to his situation."

2. The exhibits submitted by Rivera indicate that he filed a [CPL] § 440.20 motion before the sentencing judge, which was denied on November 11, 1982; that the Appellate Division, Third Dept. denied leave to appeal on November 16, 1982 and denied leave to appeal to the Court of Appeals on December 13, 1982. *See* Exs. L, M, O.

3. Rivera contends that his sentence was erroneous because he received a minimum sentence of six years, while the minimum possible sentence under 70.00(3)(a)(ii) is three years. This contention is incorrect. Section 70.00(3)(a)(ii) provides that the trial court shall fix a minimum sentence between three years and eight

length therefore does not present a question of constitutional dimensions. *See Reese v. Bara,* 479 F.Supp. 651 (S.D.N.Y.1979). Rivera's comparison of his sentence to that allegedly given to Abbie Hoffman does not establish a violation of his right to equal protection. There exists no authority for the proposition that all persons convicted of the same crime must receive the same sentence. Instead, a court is entitled to consider the defendant's history, as well as the surrounding circumstances of the offense, in determining the length of a sentence:

> "Petitioner argues that his sentence was unduly harsh in light of the lighter sentence received by his co-defendant who declined to plead guilty. However, this is another area not amenable to collateral review in the absence of a clear abuse of discretion. The sentencing court had the benefit of a pre-sentence report as well as other background data on the defendants at the time of sentencing."

*Warren v. Hogan,* 373 F.Supp. 1241, 1246 (S.D.N.Y.1974) (Gurfein, J.) Accordingly, the imposition of a lower sentence on Abbie Hoffman than on Rivera is not a Fourteenth Amendment violation.

As to Rivera's unsupported speculation that longer sentences are generally imposed upon members of minority groups than upon white defendants, this claim does not provide a ground for relief in the circumstances presented here. Although we do not exclude the possibility that a detailed evidentiary showing of a racially-based statistical disparity in sentencing could establish a constitutional violation, *see Smith v. Balkcom,* 671 F.2d 858 (5th Cir.1982), *modifying Smith v. Balkcom,* 660 F.2d 573 (5th Cir.1981), no such showing has been proffered here. Rivera's claim of racial discrimination is purely anecdotal.

Finally, the state courts' alleged refusal to entertain Rivera's equal protection claim is not a violation of due process. The state courts were entitled to conclude, as we do,

that Rivera's claim does not provide a basis for relief from his sentence.

The petition for a writ of habeas corpus is denied.

It is so ordered.

---

years, four months. While three years is the lowest possible minimum sentence, the imposition of a six-year minimum is within the range set forth in § 70.00(3)(a)(ii), and is therefore a permissible sentence.