theory). This reliance theory appears particularly appropriate here, as private pilots generally are not subjected to the more frequent and often more exacting private examinations to which commercial pilots are subjected, and thus a passenger in a private aircraft might reasonably place great reliance on the government's physical certification process. In sum, the government's argument that there exists no comparable cause of action under New York law must fail.

## CONCLUSION

The motion for the United States is denied in all respects. Plaintiffs' cross-motion is granted.

SO ORDERED.

Orlando Rivera, Coxsackie, N.Y., petitioner pro se.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After a jury trial in Kings County, New York, petitioner was convicted of criminal possession of a weapon in the second degree and sentenced on July 25, 1983, as a second felony offender to a term of imprisonment of seven and one-half to fifteen years.

The present petition raises four claims of error: (1) ineffective assistance of counsel for failure to pursue the repugnancy of verdicts claim; (2) prejudice stemming from the prosecution's failure to present at trial an eyewitness to the crime; (3) denial of his "right to tell the whole truth" when he took the stand at trial apparently because of an adverse evidentiary ruling, and (4) failure of the People to file a predicate felony statement.

Petitioner filed a prior application raising the first, second, and third claims. This court dismissed the petition because the second and third claims had not been exhausted in state court. *Rivera v. Lacy*, 87 C 1720 (Sept. 23, 1987) [available on WEST-

**Orlando RIVERA, Petitioner,**

v.

**Robert J. HENDERSON, Superintendent, Auburn Correctional Facility, Robert Abrams, Attorney General of the State of New York, and Elizabeth Holtzman, District Attorney, Kings County, Respondents.**

**No. 88 C 1715.**

United States District Court,
E.D. New York.

June 20, 1988.

LAW, 1987 WL 18169]. Subsequently, petitioner raised the second and third claims in a proceeding in Supreme Court, Kings County, pursuant to section 440.10 of the Criminal Procedure Law (C.P.L.). Petitioner also raised the instant petition's fourth claim pursuant to C.P.L. § 440.20. On February 10, 1988, the Supreme Court denied both petitions.

The petition indicates that petitioner did not seek leave to appeal these decisions to the Appellate Division. New York law provides such an opportunity, C.P.L. §§ 450.-15(1), (2), and failure to seek leave to appeal renders these claims unexhausted. *See Klein v. Harris,* 667 F.2d 274, 282–83 (2d Cir.1981). Although petitioner's first claim has been exhausted, the presence of unexhausted claims requires dismissal of the entire petition. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

Petitioner may file and serve within sixty days of receipt of this order an amended petition presenting only his exhausted claim, or he may return to the state courts and try to exhaust whatever remedies may be available to him with respect to the three presently unexhausted claims.

Petition dismissed. So ordered.

STAND TOGETHER AGAINST NEIGHBORHOOD DECAY, INC., Donna Henes, Robert Hoffman, Robert Popham, William Price, Sarah Jenkins, Ryan Hilliard, and Arnold Fay, Plaintiffs,

v.

BOARD OF ESTIMATE OF the CITY OF NEW YORK, Edward I. Koch, as Mayor of the City of New York and Chairman of the Board of Estimate, Harrison J. Goldin, Andrew J. Stein, David N. Dinkins, Fernando Ferrer, Howard Golden, Claire Shulman and Ralph J. Lamberti, as Members of the Board of Estimate, New York City Planning Commission, Department of City Planning of the City of New York, Sylvia Deutsch, as Commissioner of the City Planning Commission and Director of the Department of City Planning, Department of Environmental Protection of the City of New York, Harvey W. Schultz, as Commissioner of the Department of Environmental Protection, New York City Public Development Corp., James P. Stuckey, as President of the Public Development Corp., Department of Housing Preservation & Development of the City of New York, Paul A. Crotty, as Commissioner of the Department of Housing Preservation and Development, Thomas C. Jorling, as Commissioner of the New York State Department of Environmental Conservation, United States Environmental Protection Agency, Lee M. Thomas, as Administrator of the Environmental Protection Agency, and Forest City Metrotech Associates, Defendants.

No. CV 87–2707.

United States District Court,
E.D. New York.

July 8, 1988.