Ramiro **PESINA**, Petitioner–Appellant,

v.

Sally B. **JOHNSON**, Superintendent, Orleans Correctional Facility, Respondent–Appellee.

No. 164, Docket 90–2151.

United States Court of Appeals, Second Circuit.

Submitted Sept. 14, 1990.

Decided Sept. 14, 1990.

R. Nils Olsen, Jr., Buffalo, N.Y., for petitioner-appellant.

Peter H. Schiff, Deputy Sol. Gen., Albany, N.Y. (Robert Abrams, Atty. Gen. of the State of New York, Nancy A. Spiegel, Mar-

**54**

tin A. Hotvet, Asst. Attys. Gen., Albany, N.Y., of counsel), for respondent-appellee.

Before KAUFMAN, WINTER and MINER, Circuit Judges.

PER CURIAM:

Ramiro Pesina appeals from Judge Curtin's dismissal of his petition for a writ of habeas corpus for failure to exhaust state remedies. One of the federal claims underlying Pesina's petition was raised for the first time and denied in a state collateral action. We affirm because Pesina failed to seek leave to appeal from this denial to the state appellate courts.

Pesina pleaded guilty in County Court to first degree manslaughter, New York Penal Law § 125.20, and was sentenced to a term of imprisonment of five to fifteen years. Pesina appealed his conviction to the New York Supreme Court Appellate Division claiming that his sentence was unlawfully severe. The Appellate Division affirmed, and leave to appeal to the New York Court of Appeals was denied.

Pesina next sought collateral relief in state court. He filed a *pro se* motion in Niagara County Court to vacate his conviction pursuant to New York Criminal Procedure Law § 440.10 on the grounds that his sentence was excessive and that he was denied effective assistance of counsel. The County Judge denied the motion. Pesina did not seek leave to appeal to the Appellate Division as authorized by N.Y.Crim. P.L. § 450.15.

Pesina then brought the instant action, again claiming cruel and unusual punishment and denial of effective assistance of counsel. The cruel and unusual punishment claim is conceded to have been exhausted. The district judge held, however, that the ineffective assistance claim had not been exhausted because Pesina did not appeal from the denial of his Section 440.10 motion. Finding therefore that Pesina's petition contained both exhausted and unexhausted claims, *see Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), the court dismissed the petition in its entirety, *see Pesina v. New York,* No. CIV–87–1464C, slip op. at 4 (W.D.N.Y. Nov. 16, 1989). The district court thereafter granted Pesina a certificate of probable cause and permission to appeal.

The statute authorizing the issuance of writs of habeas corpus, 28 U.S.C. § 2254, states in part that "[a]n application for a writ ... shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." *Id.* at § 2254(b). We have held that the exhaustion requirement mandates that federal claims be presented to the highest court of the pertinent state before a federal court may consider the petition. *See, e.g., Daye v. Attorney General of New York,* 696 F.2d 186, 190 n. 3 (2d Cir. 1982) (en banc). Pesina, by failing to appeal the denial of his Section 440.10 motion, has not fulfilled this requirement with respect to his ineffective assistance claim.

Pesina argues that because the statutory time limit for such an appeal has passed, *see* N.Y.Crim.P.L. § 460.10(4)(a), he has exhausted his claim. We disagree. While that statutory limit may ultimately be held by state courts to preclude them from reaching the merits of Pesina's ineffective assistance claim, he must still present that claim to the highest state court. We have no authority to declare as a matter of state law that an appeal from the denial of his original Section 440.10 motion is unavailable or that he cannot raise the ineffective assistance claim in a new Section 440.10 action. Until Pesina presents his claim to the highest state court—whether or not it seems likely that he will be held to be procedurally barred—he has not exhausted available state procedures. *See* 28 U.S.C. § 2254(c).

Accordingly, the judgment of the district court is affirmed.