■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY FERRARO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Brown, J.), rendered October 27, 1988, convicting him of criminal solicitation in the fourth degree (two counts), upon a jury verdict, and imposing sentence, and purported appeal from an order of the same court, dated May 3, 1989, which denied his postjudgment motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment is affirmed, and it is further,

Ordered that the appeal from the order is dismissed.

Since the defendant failed to timely move for leave to appeal from the order denying his postjudgment motion pursuant to CPL 440.10 to vacate the judgment, his appeal from the order is dismissed *(see,* CPL 460.10, 460.30).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5] ).

Tape recordings of conversations between the defendant and the chief prosecution witness established that the defendant actively encouraged this witness to give false testimony to law enforcement officials, and that he intended this witness to convey a misleading set of facts to alter the course of an ongoing criminal investigation. Accordingly, the jury properly rejected the affirmative defense of entrapment as the defendant failed to establish that he engaged in the criminal conduct at the solicitation of law enforcement officials or those acting in cooperation with them.

While the record reflects that the prosecution was extremely zealous in seeking to ascertain the extent of the defendant's involvement in the criminal endeavor, in light of the overwhelming proof of the defendant's guilt which was established through his own statements in the tape recorded conversations, we conclude that any pressure exerted upon the chief prosecution witness did not act to prejudice the defendant.

The defendant's remaining contentions are either unpreserved for appellate review (see, CPL 470.05 [2]) or without merit. Thompson, J. P., Kunzeman, Lawrence and O'Brien, JJ., concur. [See, 143 Misc 2d 482.]