Anthony THOMAS, Petitioner–Appellant,

v.

Charles GREINER, Superintendent, Respondent–Appellee.

No. 98–2624.

United States Court of Appeals, Second Circuit.

Argued & Submitted March 26, 1999.

Decided April 19, 1999.

Solomon Rosengarten, Brooklyn, N.Y. for Petitioner–Appellant.

(Robert M. Morgenthau, District Attorney, New York County, New York, NY, Marc Frazier Scholl, Assistant District Attorney, New York, NY, of counsel, for Respondent–Appellee.)

Before: FEINBERG, PARKER, and POOLER, Circuit Judges.

PER CURIAM:

Appellant, an inmate in state custody, appeals from a judgment dismissing as time-barred his first petition for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1) (one-year period of limitation applies to application for writ of habeas corpus by state prisoner).

■ Appellant's petition was filed on April 16, 1997. In *Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir.1998) which was decided after Judge Preska dismissed appellant's petition we held that first petitions brought under 28 U.S.C. § 2254 will not be dismissed as time-barred if filed on or before April 24, 1997. In light of *Ross*, the judgment must be reversed.

■ Appellee argues that this appeal should be dismissed because Judge Preska erred in granting a certificate of appealability on the statute of limitations issue. Appellee contends that the misapplication of the statute of limitations does not rise to the level of the "denial of a constitutional right" so as to permit an appeal. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.") However, appellee concedes that this specific issue has been raised before other panels of this Court, and that those other panels have rejected the argument *sub silentio*.

In accord with those prior rulings, we REVERSE the judgment of the district court and REMAND for consideration of the merits of the petition.