Anthony THOMAS, Petitioner,

v.

Charles GREINER, Supt., Respondent.

No. 97Civ.2958(LAP)(AJP).

United States District Court,
S.D. New York.

June 15, 2000.

272

Solomon Rosengarten, New York City, for Anthony Thomas.

Anthony Thomas, Ossining, NY, pro se.

## *ORDER ADOPTING REPORT AND RECOMMENDATION*

PRESKA, District Judge.

On February 17, 2000, Magistrate Judge Peck issued a report and recommendation (the "Report") in the above-captioned case recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. On April 26, 2000, this Court received petitioner's objections to the Report. Subsequently, the Court received a letter from respondent stating that no response to petitioner's objections would be forthcoming.

Petitioner objects to the Report's finding that his failure to seek leave to appeal

the denial of his CPL § 440.10 motion and the resulting finding of procedural default operate as a complete bar to federal habeas relief for his Sixth Amendment speedy trial and Eighth Amendment excessive sentence claims. Petitioner further objects to the Report's finding that his equal protection sentencing claim is unexhausted and without merit.

Having found the Report well-reasoned and thoroughly grounded in the law, and finding petitioner's objections meritless, it is hereby

ORDERED that the Report is adopted in its entirety and the petition is denied. The Clerk of the Court shall mark this action closed and all pending motions denied as moot.

## REPORT AND RECOMMENDATION

PECK, United States Magistrate Judge.

Petitioner Anthony Thomas seeks a writ of habeas corpus from his May 28, 1991 conviction of first degree robbery, based on his plea of guilty, and sentence of nine to eighteen years imprisonment. (Dkt. No. 1: Pet. ¶¶ 1–4.) Thomas's habeas petition raises three claims: (a) his conviction was obtained in violation of his Sixth Amendment right to a speedy trial (Pet. ¶ 12(A)), (b) his sentence was excessive and thereby violated his Eighth Amendment protection against cruel and unusual punishment (Pet.¶ 12(C)), and (c) his sentence violated his Fourteenth Amendment equal protection rights because similarly situated defendants received lesser sentences (Pet.¶ 12(B)).

For the reasons discussed below, the Court should deny Thomas's petition.

### FACTS

On December 10, 1989, Anthony Thomas boarded a northbound number 2 subway train in Manhattan and sat down next to Jason Wadenfeld. (Dkt. No. 20: Affidavit of Asst. Attorney General Susan M. Barbour, dated 11/10/99, Ex. C: DA 1st Dep't

Br. at 1; Barbour Aff.Ex. B: Thomas 1st Dep't Br. at 3.) Thomas displayed a knife, stole Wadenfeld's watch and money, and left the train with an accomplice. (DA 1st Dep't Br. at 1; Thomas 1st Dep't Br. at 3.) Within the next several weeks, Thomas committed additional, similar knife-point subway robberies. (DA 1st Dep't Br. at 1–2; Thomas 1st Dep't Br. at 2–3.)

On January 12, 1990, Thomas and his accomplice were recognized by two anti-crime officers as fitting the suspects' descriptions in numerous subway robbery complaints. (DA 1st Dep't Br. at 2–3; Thomas 1st Dep't Br. at 2; Dkt. No. 2: Thomas Br. at 2.) His accomplice escaped but Thomas was arrested and found to be carrying two butcher knives and a razor and was wearing a jacket taken from a robbery victim. (Thomas 1st Dep't Br. at 2; DA 1st Dep't Br. at 3.)

Thomas was indicted and charged with five counts of first degree robbery and four counts of second degree robbery. (DA 1st Dep't Br. at 3; Thomas 1st Dep't Br. at 2–3.)

On April 23, 1991, Thomas pled guilty to one count of first degree robbery, admitting to the December 10, 1989 knife point robbery of Jason Wadenfeld. (Thomas 1st Dep't Br. at 3; DA 1st Dep't Br. at 3–4; Thomas Br. at 3.) Pursuant to a plea agreement, his guilty plea covered the entire indictment and carried a promised sentence of nine to eighteen years imprisonment as a second felony offender. (Thomas 1st Dep't Br. at 3; DA 1st Dep't Br. at 4.) On May 28, 1991, Thomas was sentenced by Justice Edwin A. Torres to nine to eighteen years imprisonment pursuant to his plea agreement. (DA 1st Dep't Br. at 3–4; Thomas 1st Dep't Br. at 4; 5/28/91 Sentence Tr. at 5–6; Thomas Br. at 3–4.)

### Thomas's Direct State Appeal

Thomas, represented by counsel, appealed to the First Department, raising only the single issue that his sentence was excessive and should be reduced in the inter-

est of justice. (Barbour Aff.Ex. B: Thomas 1st Dep't Br. at 7.) On June 15, 1993, the First Department affirmed Thomas's conviction. *People v. Thomas*, 194 A.D.2d 1063, 599 N.Y.S.2d 359 (1st Dep't 1993). The New York Court of Appeals denied leave to appeal on September 3, 1993. *People v. Thomas*, 82 N.Y.2d 760, 603 N.Y.S.2d 1002, 624 N.E.2d 188 (1993) (table).

### Thomas's State Collateral Attack

While his direct appeal was pending, Thomas filed a pro se "Motion to Vacate Judgment and Set Aside Sentence" on or about June 26, 1991 before Justice Torres. (Barbour Aff. ¶ 4 & Ex. D: Thomas CPL § 440 Motion.) Thomas raised claims of ineffective assistance of counsel; coercion and duress in the plea; violation of his speedy trial rights under CPL § 30.30 and the Sixth Amendment; and cruel and unusual punishment based on the length of his sentence. (*Id.*) Justice Torres denied the motion without opinion on July 15, 1991. (Barbour Aff. ¶ 5 & Ex. E.) Thomas did not seek leave to appeal to the First Department.

### Thomas's Federal Habeas Petition and Proceedings

Thomas's federal habeas corpus petition is dated April 14, 1997 and was received by the Court's pro se office on April 16, 1997. (Dkt. No. 1: Pet.) *See also Thomas v. Greiner*, 97 Civ. 2958, 1995 WL 236239 at *1 (S.D.N.Y. April 27, 1995), *rev'd*, 174 F.3d 260, 261 (2d Cir.1999).

Thomas's petition raises three claims: (a) Thomas's conviction was obtained in violation of his Sixth Amendment right to a speedy trial (Pet.¶ 12(A); *see* Thomas Br. at 7–20); (b) his sentence was excessive and violated the Eighth Amendment protection against cruel and unusual punishment (Pet.¶ 12(C); *see also* Thomas Br. at 30–33); and (c) his sentence violated his Fourteenth Amendment equal protection

right because similarly situated defendants allegedly received lesser sentences (Pet. ¶ 12(B); *see also* Thomas Br. at 20–30).

Relying on the Second Circuit's interpretation in *Peterson v. Demskie*, 107 F.3d 92, 93 (2d Cir.1997), of the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), this Court dismissed Thomas's petition as time barred on April 27, 1998. *Thomas v. Greiner*, 97 Civ. 2958, 1998 WL 236239 at *1–2 (S.D.N.Y. April 27, 1998).[1] On April 19, 1999, the Second Circuit reversed and remanded, holding:

> [Thomas's] petition was filed on April 16, 1997. In *Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir.1998), which was decided after Judge Preska dismissed appellant's petition we held that first petitions brought under 28 U.S.C. § 2254 will not be dismissed as time-barred if filed on or before April 24, 1997. In light of *Ross*, the judgment must be reversed [and remanded].

*Thomas v. Greiner*, 174 F.3d 260, 261 (2d Cir.1999).

### ANALYSIS

### I. THOMAS'S SPEEDY TRIAL AND EXCESSIVE SENTENCE CLAIMS ARE UNEXHAUSTED AND PROCEDURALLY BARRED BECAUSE HE FAILED TO APPEAL THE DENIAL OF HIS CPL § 440 MOTION

Section 2254 codifies the exhaustion requirement, providing that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State ..." 28 U.S.C. § 2254(b)(1)(A); *see, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 1731, 144 L.Ed.2d 1 (1999); *Rose v. Lundy*, 455 U.S. 509, 515–16, 102 S.Ct. 1198,

---

1. The Court noted that "[w]hile the Court is not able to tell from the record before it if all [Thomas's habeas] claims have been exhaust-ed in state court, the Court need not resolve that question" because of its decision on the time bar. *Id.*, 1998 WL 236239 at *1 n. 1.

1201–02, 71 L.Ed.2d 379 (1982) ("The exhaustion doctrine existed long before its codification by Congress in 1948 ... in 28 U.S.C. § 2254"); *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir.1994), *cert. denied*, 514 U.S. 1054, 115 S.Ct. 1436, 131 L.Ed.2d 316 (1995); *Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir.1990); *Daye v. Attorney General*, 696 F.2d 186, 190–94 (2d Cir.1982) (en banc), *cert. denied*, 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984); *Lugo v. Kuhlmann*, 68 F.Supp.2d 347, 360–61 (S.D.N.Y.1999) (Patterson, D.J. & Peck, M.J.).[2]

As the Supreme Court has made clear, "[t]he exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. at 518, 102 S.Ct. at 1203; *accord, e.g., O'Sullivan v. Boerckel*, 119 S.Ct. at 1732; *Lugo v. Kuhlmann*, 68 F.Supp.2d at 360–61; *Bond v. Walker*, 68 F.Supp.2d at 293; *Avincola v. Stinson*, 60 F.Supp.2d at 150; *Jordan v. Lefevre*, 22 F.Supp.2d at 266.

The Second Circuit determines whether a claim has been exhausted by applying a two-step analysis:

First, the petitioner must have fairly presented to an appropriate state court the same federal constitutional claim that he now urges upon the federal courts.... Second, having presented his federal constitutional claim to an appropriate state court, and having been denied relief, the petitioner must have utilized all available mechanisms to secure [state] appellate review of the denial of that claim.

*Diaz v. Coombe*, 97 Civ. 1621, 1997 WL 529608 at *3 (S.D.N.Y. June 12, 1997) (Mukasey, D.J. & Peck, M.J.) (quoting *Klein v. Harris*, 667 F.2d 274, 282 (2d Cir.1981)).[3]

■ "Exhaustion of available state remedies requires presentation of the claim to the highest state court from which a decision can be had." *Daye v. Attorney General*, 696 F.2d at 191 n. 3; *accord, e.g., O'Sullivan v. Boerckel*, 119 S.Ct. at 1732–34 (1999); *Bossett v. Walker*, 41 F.3d at 828 ("To fulfill the exhaustion requirement, a petitioner must have presented the substance of his federal claims 'to the highest court of the pertinent state.' "); *Grey v. Hoke*, 933 F.2d 117, 119 (2d Cir.1991) ("a petitioner must present his federal constitutional claims to the highest court of the state before a federal court may consider the merits of the petition"); *Pesina v. Johnson*, 913 F.2d at 54 ("We have held that the exhaustion requirement mandates that federal claims be presented to the highest court of the pertinent state before a federal court may consider the petition.") (citing *Daye* ); *Lugo v. Kuhlmann*, 68 F.Supp.2d at 363; *Howard v. Lacy*, 58 F.Supp.2d at 162; *Jordan v. Lefevre*, 22 F.Supp.2d at 261.

---

2. *See also, e.g., Cruz v. Greiner*, 98 Civ. 7939, 1999 WL 1043961 at *19 (S.D.N.Y. Nov.17, 1999) (Peck, M.J.); *Marcelin v. Garvin*, 97 Civ. 2996, 1999 WL 977221 at *8 (S.D.N.Y. Oct.26, 1999) (Peck, M.J.); *Bond v. Walker*, 68 F.Supp.2d 287, 293 (S.D.N.Y.1999) (McKenna, D.J. & Peck, M.J.); *Avincola v. Stinson*, 60 F.Supp.2d 133, 150 (S.D.N.Y. July 9, 1999) (Scheindlin, D.J. & Peck, M.J.); *Howard v. Lacy*, 58 F.Supp.2d 157, 162 (S.D.N.Y.1999) (Sprizzo, D.J. & Peck, M.J.); *Orraca v. Walker*, 53 F.Supp.2d 605, 610 (S.D.N.Y.1999) (McKenna, D.J. & Peck, M.J.); *Otero v. Stinson*, 51 F.Supp.2d 415, 420 (S.D.N.Y.1999) (Baer, D.J. & Peck, M.J.); *Jordan v. Lefevre*, 22 F.Supp.2d 259, 266 (S.D.N.Y.1998) (Mukasey, D.J. & Peck, M.J.); *Gibriano v. Attorney General*, 965 F.Supp. 489, 491 (S.D.N.Y.1997) (Sprizzo, D.J. & Peck, M.J.).

3. *Accord, e.g., O'Sullivan v. Boerckel*, 119 S.Ct. at 1732–34; *Cruz v. Greiner*, 1999 WL 1043961 at *20; *Marcelin v. Garvin*, 1999 WL 977221 at *8; *Lugo v. Kuhlmann*, 68 F.Supp.2d at 360–61; *Bond v. Walker*, 68 F.Supp.2d at 293; *Avincola v. Stinson*, 60 F.Supp.2d at 150; *Jordan v. Lefevre*, 22 F.Supp.2d at 266; *Walker v. Miller*, 959 F.Supp. 638, 641 (S.D.N.Y.1997) (McKenna, D.J. & Peck, M.J.); *Boyd v. Hawk*, 94 Civ. 7121, 1996 WL 406680 at *3 (S.D.N.Y. May 31, 1996) (Batts, D.J. & Peck, M.J.); *Ehinger v. Miller*, 928 F.Supp. 291, 293 (S.D.N.Y. 1996) (Mukasey, D.J. & Peck, M.J.).

■ Here, Thomas's Eighth Amendment excessive sentence claim and his Sixth Amendment speedy trial claim were raised only in his CPL § 440 motion to vacate,[4] Justice Torres denied the motion, and Thomas did not seek leave to appeal to the First Department. (*See* page 3 above.)

■ The time to seek leave to appeal from the denial of Thomas's CPL § 440.10 motion has long since passed. *See* CPL § 460.10(4) (to appeal the denial of a § 440.10 motion, a defendant must apply for leave to appeal within 30 days of being served with the decision to be appealed). Thomas has not alleged "improper conduct, inability to communicate, or other facts" to support a motion to extend the time limit pursuant to CPL § 460.30. *People v. Kaczynski*, 119 A.D.2d 927, 927, 507 N.Y.S.2d 946, 947 (3d Dep't 1986). Therefore, Thomas would be barred from raising these claims in the Appellate Division. *See, e,g., People v. Ferraro*, 169 A.D.2d 732, 732, 564 N.Y.S.2d 479, 480 (2d Dep't 1991) ("Since the defendant failed to timely move for leave to appeal from the order denying his postjudgment motion pursuant to CPL § 440.10 to vacate the judgment, his appeal from the order is dismissed."); *see also DeVito v. Racette*, No. CV–91–2331, 1992 WL 198150 at *3 (E.D.N.Y. Aug.3, 1992) (passage of more than 30 days from denial of § 440 motion without appeal bars consideration on federal habeas re-view); *Micelli v. LeFevre*, 444 F.Supp. 1187, 1189 (S.D.N.Y.1978) (state appeal of denial of collateral motion unavailable since no certificate granting leave to appeal was sought within the required time); *People v. Kruk*, 52 A.D.2d 969, 970, 383 N.Y.S.2d 102, 104 (3d Dep't 1976) (dismissing appeal from an order denying a § 440.10 motion because no permission to appeal had been granted).[5]

■ " 'For exhaustion purposes, "a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." ' " *Reyes v. Keane*, 118 F.3d 136, 139 (2d Cir.1997) (quoting *Grey v. Hoke*, 933 F.2d at 120) (quoting *Harris v. Reed*, 489 U.S. 255, 263 n. 9, 109 S.Ct. 1038, 1043 n. 9, 103 L.Ed.2d 308 (1989))).[6] "In such a case, a petitioner no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. § 2254(b)." *Grey v. Hoke*, 933 F.2d at 120; *accord, e.g., Cruz v. Greiner*, 1999 WL 1043961 at *22; *Marcelin v. Garvin*, 1999 WL 977221 at *9; *Lugo v. Kuhlmann*, 68 F.Supp2d at 362; *Bond v. Walker*, 68 F.Supp.2d at 294; *Avincola v. Stinson*, 60 F.Supp.2d at 151. Consequently, such procedurally barred claims are "deemed exhausted" by the federal courts. *Reyes v. Keane*, 118 F.3d at 139; *see also, e.g., Bossett v. Walker*, 41

---

4. Thomas's direct appeal had raised a different excessive sentence claim, based not on the Eighth Amendment or any other federal authority, but on the interests of justice.

5. In addition, the speedy trial and excessive sentence claims could have been raised on direct appeal but were not, and thus were barred from all state collateral review on that basis. *See* CPL § 440.10(2)(C); *see also, e.g., Bond v. Walker*, 68 F.Supp.2d at 294–95, & cases cited therein.

6. *Accord, e.g., Castille v. Peoples*, 489 U.S. 346, 350, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989) ("It would be inconsistent with [§ 2254(b) ], as well as with underlying principles of comity, to mandate recourse to state collateral review whose results have effectively been predetermined"); *Bossett v. Walker*, 41 F.3d at 828 ("if the petitioner no longer

has 'remedies available' in the state courts under 28 U.S.C. § 2254(b), we deem the claims exhausted"); *Cruz v. Greiner*, 1999 WL 1043961 at *22; *Marcelin v. Garvin*, 1999 WL 977221 at *9; *Lugo v. Kuhlmann*, 68 F.Supp.2d at 362–63; *Bond v. Walker*, 68 F.Supp.2d at 294; *Avincola v. Stinson*, 60 F.Supp.2d at 151; *Jordan v. Lefevre*, 22 F.Supp.2d at 269; *Redd v. Quinones*, 98 Civ. 2604, 1998 WL 702334 at *3 (S.D.N.Y. Oct.7, 1998) ("While petitioner's failure to 'fairly present' his claim in state court leads to a determination that the claim is exhausted, at the same time this failure results in a procedural default of the claim."); *Benitez v. Senkowski*, 97 Civ. 7819, 1998 WL 668079 at *8 n. 7 (S.D.N.Y. Sept.17, 1998) (Cote, D.J. & Peck, M.J.).

F.3d at 828; *Washington v. James*, 996 F.2d 1442, 1446–47 (2d Cir.1993), *cert. denied*, 510 U.S. 1078, 114 S.Ct. 895, 127 L.Ed.2d 87 (1994); *Grey v. Hoke*, 933 F.2d at 120–21; *Cruz v. Greiner*, 1999 WL 1043961 at *22; *Marcelin v. Garvin*, 1999 WL 977221 at *9; *Lugo v. Kuhlmann*, 68 F.Supp.2d at 363; *Bond v. Walker*, 68 F.Supp.2d at 294; *Avincola v. Stinson*, 60 F.Supp.2d at 151; *Jordan v. Lefevre*, 22 F.Supp.2d at 269.

While the application of this rule in cases where the petitioner failed to appeal the denial of his CPL § 440.10 motion has not been entirely consistent, in this case Thomas's claims should be deemed exhausted and procedurally barred because of his post-denial default. *E.g., DeVito v. Racette*, 1992 WL 198150 at *3–5 (failure to appeal denial of a CPL § 440.10 motion for more than thirty days creates a state procedural default precluding federal habeas relief); *see also Wedra v. LeFevre*, 988 F.2d 334, 339–40 (2d Cir.1993) (failure to timely seek leave to appeal § 440.10 motion is an independent and adequate state ground barring habeas relief).

Prior to the Supreme Court's 1991 decision in *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), federal courts in New York generally dismissed as unexhausted habeas petitions where the petitioner did not timely seek leave to appeal the lower state court's denial of a CPL § 440.10 motion. *See, e.g., Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir.1990).[7] In fact, in *Pesina v. Johnson*, the Second Circuit held that the passing of the statutory time limit for applications for leave to appeal imposed by CPL § 460.10(4)(a) did not constitute exhaustion of the claim in the state courts, absent some attempt to seek state appellate review: "While that statutory limit may ulti-mately be held by state courts to preclude them from reaching the merits of [petitioner's] claim, he must still present that claim to the highest state court. We have no authority to declare as a matter of state law that an appeal from the denial of his original Section 440.10 motion is unavailable. . . ." *Pesina v. Johnson*, 913 F.2d at 54.

However, although the Second Circuit has not explicitly disavowed this aspect of *Pesina*, it has since explained that federal courts should dismiss with prejudice where "New York procedural rules plainly bar petitioner from attempting to raise his" claims in state court. *Grey v. Hoke*, 933 F.2d at 120; *see also* cases cited at page 9 & footnote 6 above. There is no reason to exempt from this general rule a petition for leave to appeal the denial of a CPL § 440.10 motion where the time to bring such a petition has expired. I agree with Chief Judge Sifton's reasoning in a case with an identical posture: "Coleman appears to put to rest *Pesina*'s concern that federal courts lack the 'authority' to declare claims procedurally defaulted at the state level." *DeVito v. Racette*, 1992 WL 198150 at *5. The rule articulated in *DeVito* is appropriate here. Since it is clear that the claims Thomas had brought in his CPL § 440.10 motion would be denied as untimely if brought back to the state courts, to require him to do so would be wasteful of judicial resources. Finally, if the lapse of a clear time limit such as the one in CPL § 460.10(4) does not provide grounds for a federal court to find exhaustion and a resulting procedural bar, it is hard to imagine a state rule that ever could until the state courts had ruled—the theory would be that state remedies are never exhausted because a petitioner can always request relief from the state court,

---

7. *See also, e.g., Lord v. Attorney General*, No. Civ.–84–1116, 1991 WL 5174 at *2 (W.D.N.Y. Jan 11, 1991); *Rivera v. Henderson*, 690 F.Supp. 1191, 1192 (E.D.N.Y.1988); *Pendleton v. Scully*, 86 Civ. 5973, 1986 WL 13807 at *1 (S.D.N.Y. Nov.21, 1986); *Johnson v. Smith*, 564 F.Supp. 804, 806 (S.D.N.Y.1983); *Dunleavy v. Smith*, 501 F.Supp. 14, 17 (S.D.N.Y.1980); *but see Micelli v. LeFevre*, 444 F.Supp. at 1189–90 (state remedies are exhausted when time has lapsed to petition for leave to appeal a denial of a CPL § 440.10 motion; federal court reaches merits).

even if it is virtually certain the state court would not grant it. In order to comply with *Coleman,* the federal courts must at some point do what *Pesina* declined to do—"declare as a matter of state law that an appeal ... is unavailable." *Pesina v. Johnson,* 913 F.2d at 54. Accordingly, Thomas's speedy trial and excessive sentence claims are procedurally defaulted by his failure to seek leave to appeal the denial of his CPL § 440.10 motion.

 "[T]o avoid [such] a procedural default, a habeas petitioner must " 'demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice,' " *i.e.,* a showing of 'actual innocence.' " *Jordan v. Lefevre,* 22 F.Supp.2d at 269 (quoting *Gibriano v. Attorney General,* 965 F.Supp. at 493 n. 5); *accord, e.g., Estrada v. Senkowski,* 98 Civ. 7796, 1999 WL 1051107 at *12 (S.D.N.Y. Nov.19, 1999) (Pauley, D.J. & Peck, M.J.); *Cruz v. Greiner,* 1999 WL 1043961 at *23; *Lugo v. Kuhlmann,* 68 F.Supp.2d at 363–65; *Avincola v. Stinson,* 60 F.Supp.2d at 152; *Bond v. Walker,* 68 F.Supp.2d at 297; *Howard v. Lacy,* 58 F.Supp.2d at 165; *Vera v. Hanslmaier,* 928 F.Supp. 278, 285 (S.D.N.Y.1996) (Jones, D.J. & Peck, M.J.). Here, Thomas has not attempted to show cause and prejudice or "actual innocence." Therefore, the procedural default is a complete bar to federal habeas relief.[8]

## II. THOMAS'S EQUAL PROTECTION SENTENCING CLAIM IS UNEXHAUSTED AND WITHOUT MERIT

Thomas's remaining habeas claim is that his sentence denied him equal protection because other similarly situated defendants allegedly received lesser sentences. (Pet.¶ 12(B); *see also* Dkt. No. 2: Thomas Br. at 20–30.)

 Thomas never presented this claim to the state courts on direct appeal or in his CPL § 440 motion. (*See* page 3 above.) The claim, therefore, is unexhausted. While the State asserts that this claim now would be procedurally barred (*see* Dkt. No. 19: State Br. at 18–21), it is not clear that a second CPL § 440 motion would be unavailable to Thomas, and thus the Court cannot say with certainty that the claim should be deemed exhausted and procedurally barred. *See, e.g., Morris v. Reynolds,* 48 F.Supp.2d 379, 385 (S.D.N.Y. 1999) (Baer, D.J. & Peck, M.J.) (dismissing mixed petition without prejudice where it was unclear whether a procedural bar would block state post-conviction review).

 The AEDPA now permits the Court to deny on the merits habeas petitions containing unexhausted claims:

> An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

---

8. Because the claims are deemed exhausted and procedurally barred, there is no need to rule on the merits of either Thomas's excessive sentence or speedy trial claim. However, the Court notes that the excessive sentence claim clearly would not provide grounds for habeas relief even if it were cognizable, since "[n]o federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law." *White v. Keane,* 969 F.2d 1381, 1383 (2d Cir.1992); *accord, e.g., Thomas v. Senkowski,* 968 F.Supp. 953, 956 (S.D.N.Y.1997) ("It is well established that, when a sentence falls within the range prescribed by state law, the length of the sentence may not be raised as grounds for federal habeas relief."); *DeFeo v. Artuz,* 958 F.Supp. 104, 109 (E.D.N.Y.1997); *Briecke v. People of the State of New York,* 936 F.Supp. 78, 85 (E.D.N.Y.1996); *Haynes v. Lacey,* Civ.A. No. 93–CV–2294, 1995 WL 500474 at *4 (E.D.N.Y. Aug.8, 1995); *Underwood v. Kelly,* 692 F.Supp. 146, 152 (E.D.N.Y.1988); *Diaz v. LeFevre,* 688 F.Supp. 945, 949 (S.D.N.Y.1988); *Castro v. Sullivan,* 662 F.Supp. 745, 753 (S.D.N.Y.1987) (citing earlier cases); *Rivera v. Quick,* 571 F.Supp. 1247, 1249 (S.D.N.Y.1983); *see also Townsend v. Burke,* 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948) (severity of sentence generally not reviewable on habeas).

28 U.S.C. § 2254(b)(2). Because it is clear from the face of the petition that Thomas's equal protection sentencing claim is frivolous, the Court will decide the claim on the merits.[9]

Thomas points to Department of Corrections statistics indicating that the average sentence statewide for second offenders convicted of first degree robbery was a minimum sentence of 74.6 months and a maximum of 149 months. (Thomas Br. at 28 & attached DOCS Tables.) By contrast, Thomas received a sentence of a minimum of 108 months and a maximum of 216 months. The DOCS statistics, however, prove nothing. They are average figures, meaning some defendants received sentences of more than the average and others received less than the average. Thomas is one of those who received more than the average. The average figures, therefore, do not suggest any sentence disparity among defendants similarly situated to Thomas. Moreover, one reason that Thomas may have received a longer than average sentence is that while Thomas pled guilty to one count of first degree robbery, he had been indicted for five counts of first degree robbery and four counts of second degree robbery, and was a suspect in additional similar subway robberies.

While an equal protection sentencing claim might be available to a habeas petitioner in different circumstances,[10] it is not available here. As the Court explained in *Rivera v. Quick:*

[Petitioner's] sentence is within the range prescribed by state law, and its length therefore does not present a question of constitutional dimensions.... [Petitioner's] comparison of his sentence to that allegedly given to Abbie Hoffman does not establish a violation of his right to equal protection. *There exists no authority for the proposition that all persons convicted of the same crime must receive the same sentence.* Instead, a court is entitled to consider the defendant's history, as well as the surrounding circumstances of the offense, in determining the length of a sentence:

> "Petitioner argues that his sentence was unduly harsh in light of the lighter sentence received by his co-defendant who declined to plead guilty. However, this is another area that is not amenable to collateral review in the absence of a clear abuse of discretion. The sentencing court had the benefit of a pre-sentence report as well as other background data on the defendants at the time of sentencing."

*Rivera v. Quick*, 571 F.Supp. 1247, 1249 (S.D.N.Y.1983) (quoting *Warren v. Hogan*, 373 F.Supp. 1241, 1246 (S.D.N.Y.1974) (Gurfein, D.J.)) (emphasis added).[11]

█ Thomas's habeas brief is replete with citations to New York appellate decisions *reducing sentences in the interests of justice.* (*E.g.,* Thomas Br. at 24–27.) Under New York law, the State appellate

---

9. For a discussion of the standard and policy reasons to be employed in dealing with mixed petitions under § 2254(b)(2), *see, e.g., Orraca v. Walker*, 53 F.Supp.2d 605, 610–12 & n. 9 (S.D.N.Y.1999) (McKenna, D.J. & Peck, M.J.); *Otero v. Stinson*, 51 F.Supp.2d 415, 420–22 & n. 8 (S.D.N.Y.1999) (Baer, D.J. & Peck, M.J.).

10. For example, in *Rivera v. Quick*, 571 F.Supp. 1247, 1249 (S.D.N.Y.1983), the court would "not exclude the possibility that a detailed evidentiary showing of a racially-based statistical disparity in sentencing could establish a constitutional violation."

11. *See also, e.g., McCleskey v. Kemp*, 481 U.S. 279, 292–93, 107 S.Ct. 1756, 1767, 95

L.Ed.2d 262 (1987) (rejecting habeas claim of petitioner who proffered a study showing racial disparity in administration of the death penalty, because petitioner made no showing that decisionmakers in his own case acted with discriminatory purpose and effect); *United States v. Bonnet*, 769 F.2d 68, 71 (2d Cir.1985) (consecutive jail terms not impermissibly severe just because co-defendant received lighter sentence); *Orosz v. United States*, 87 Civ. 6956, 1988 WL 61943 at *1–2 (S.D.N.Y. June 6, 1988) (trial judge has discretion to impose longer sentences on some defendants than others); *Price v. Kelly*, 87 Civ. 4066, 1987 WL 19959 at *1 (S.D.N.Y. Nov.10, 1987) (same).

courts have the authority to reduce a sentence in the interest of justice without finding an abuse of sentencing discretion by the trial judge.[12] A federal habeas court has no such authority.

## CONCLUSION

For the reasons set forth above, Thomas's habeas petition should be denied.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Loretta A. Preska, 500 Pearl Street, Room 1320, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Preska. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL—CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied,* 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir.1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

February 17, 2000.

---

**12.** Indeed, the only issue in Thomas's direct appeal was a plea to reduce his sentence in the interest of justice, which was denied by the First Department. (*See* page 3 above.)